WILLIAMS, Appellant,

v.

WILLIAMS, Appellee.

[Cite as *Williams v. Williams* (1992), 80 Ohio App.3d 477.]

Court of Appeals of Ohio,
Hardin County.

No. 6–91–22.

Decided Aug. 14, 1992.

478

*Gregory A. Grimslid,* for appellant.

*Terry L. Hord,* for appellee.

———

HADLEY, Presiding Judge.

Plaintiff-appellant, Penny Williams, appeals from a judgment entered by the Hardin County Court of Common Pleas that granted custody of the parties' children to defendant-appellee, David Williams.

Penny and David were married on September 15, 1979, and subsequently moved to Alger, Ohio. They had three children during the course of their marriage. During 1990, the parties began experiencing problems with their marriage and sought counseling.

In August 1990, Penny filed for divorce and sought custody of the parties' minor children. On May 10 and May 14, 1991, a hearing was held pertaining to the issue of custody of the children. Both parties presented numerous character witnesses. Upon completion of all the testimony, the trial court granted the parties a divorce and determined that David should be the residential parent. It is from this finding and judgment entry that Penny asserts three assignments of error.

## Assignment of Error No. 1

"The trial court committed prejudicial error when it questioned defendant's witness, Rosalie Stluka, as an expert witness, when the defendant had not qualified this witness as an expert."

█ Appellant argues that one of appellee's witnesses, Rosalie Stluka, did not have the proper qualifications to proffer expert testimony. Appellee argues that Stluka did not testify as an expert; rather, she was testifying only as a lay witness and, in the alternative, if she did give expert testimony, she was properly qualified.

Although neither party nor the judge explicitly refer to her as an expert and that she is testifying as such, it is evident that the focus of appellant's objections was to discredit Stluka as an expert. Also, at no time during appellant's objections to Stluka's testimony did appellee ever argue that she was not an expert, even after appellant's counsel referred to Stluka as an expert. Appellee never objected to that label and the judge did not change that perception of Stluka. Thus, we will proceed with our analysis of this error as it pertains to whether or not Stluka was properly qualified as an expert witness.

 Relevant to a discussion of whether someone is properly labeled an "expert witness" is Evid.R. 702, which states:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

It is necessary that only one of these characteristics be present to qualify the individual as an expert. 2 Weissenberger, Evidence (1987), Section 702.4. In determining whether someone is qualified as an expert by knowledge, skill, experience, training, or education, the trial court is given broad discretion and a trial court's decision on the matter will not be reversed absent an abuse of discretion. *Ohio Turnpike Comm. v. Ellis* (1955), 164 Ohio St. 377, 59 O.O. 179, 131 N.E.2d 397, paragraph eight of the syllabus. The individual who is being offered as an expert does not need to have complete knowledge of the field in question, as long as the knowledge the expert has will aid the trier of fact in its function. Weissenberger, *supra.*

Based on a review of the hearing, we find that the trial court did not abuse its discretion in qualifying Stluka as an expert. Her educational background and the numerous years she has provided marital counseling have equipped her with experience in the area of family relationships. This validates the trial court's permission of having her give her opinion as to how David relates to his children. Further, we note that due to the fact that Stluka saw only David and not Penny or the children, the trial court properly limited Stluka's testimony to how David could react towards his children based upon her questions to David. The trial court would not permit her to testify how David did react with his children, since she never observed them together. Appellant did not object to any further questioning of Stluka after the trial court put this limitation on Stluka's testimony.

For the above-stated reasons, this assignment of error is overruled.

## Assignment of Error No. 2

"The trial courts [*sic*] findings are incomplete and do not satisfy the requirements as set forth in Ohio Revised Code Section 3109.04 and therefore they cannot be used as the basis for the entry filed by the court on August 26, 1991."

 Appellant argues that the trial court's findings entered on the record on July 26, 1991, were insufficient to sustain its conclusion of awarding

custody[1] to appellee. Appellant includes in his brief, at page 6, one excerpt from the trial court's July 26, 1991 findings entry. This excerpt includes only a reference to the discussion with the children and appellant's extramarital activities. However, a complete reading of the July 26, 1991 entry indicates that:

"The Court further, *after considering the factors required in Section 3109.04(F), to determine the best interests of the children in light of the evidence presented, i.e. the testimony of the witnesses, the psychological reports and the discussion with the children,* finds that it is in the best interest of the children that defendant David Williams be the residential parent and the plaintiff Penny Williams be the non-residential parent * * *." (Emphasis added.)

Thus, the trial court did not state or imply that it considered only the discussion with the children and appellant's extramarital activities as its reason for naming David the residential parent. Rather, it considered all the testimony and all of the evidence in reaching its decision. Therefore, the trial court's July 26, 1991 findings entry was not "incomplete." This assignment of error is overruled.

### Assignment of Error No. 3

"The trial court erred in naming the defendant as the residential parent when allocating parental rights and responsibilities in this case, due to the fact that the manifest weight of the evidence at trial showed that the best interest of the children would be served by naming the plaintiff as the residential parent."

█ Appellant argues that the trial court improperly awarded custody of the parties' minor children to appellee, contrary to the best interest of the children. Before determining whether the trial court's award of custody to appellee was correct, we must first resolve the issue of which statute applies to the circumstances.

█ Although the trial court and both parties rely upon the current R.C. 3109.04, this statute was amended and became effective on April 11, 1991. However, the complaint in this action was filed on August 7, 1990. The current R.C. 3109.04, which changes the considerations of "custody" into the "allocation of parental rights and responsibilities," varies the factors the court

---

**1.** As more fully explained in the third assignment of error, the proper terminology that should have been used by the trial court was "custody" and not "allocation of parental rights and responsibilities" because of R.C. 3109.04 that was in effect at the time appellant filed her complaint for divorce.

looks at in determining the best interest of the children. Because a statute cannot be applied retroactively unless expressly provided for, the statute in effect at the time of the filing of the complaint is the one that must be applied. R.C. 1.48. Since the current R.C. 3109.04 was not in effect at the time the complaint was filed, the former R.C. 3109.04 (hereinafter referred to as "R.C. 3109.04") must be applied. R.C. 3109.04, in pertinent part, stated that:

"Upon hearing the testimony of either or both parents and in accordance with sections 3109.21 to 3109.36 of the Revised Code, the court shall decide to whom the care, custody, and control of the children shall be given. * * * The court shall take into account that which would be in the best interest of the children. * * *

"* * * *

"(C) In determining the best interest of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors, including:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."

When a trial judge makes a decision regarding the custody of children and it is supported by a substantial amount of competent and credible evidence, the decision will not be reversed absent an abuse of discretion. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus. To find that a trial court abused its discretion, an appellate court cannot simply substitute its judgment for that of the trial court. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. Rather, an abuse of discretion indicates that the trial court's decision was arbitrary, unreasonable, or capricious. *Id.*

Reviewing the record and considering the factors listed in R.C. 3109.04(C) and all other "relevant factors," we find that although the trial court applied the current R.C. 3109.04, this was not prejudicial requiring a reversal of the trial court's decision. Applying the correct R.C. 3109.04, the trial court reached the correct conclusion.

First, in regards to the wishes of the children, the transcript of the interview between the judge and the three children is somewhat helpful. While the eldest daughter, age nine, expressed a preference for her mother, she "wouldn't mind" living with her father. The middle daughter, age six,

preferred to live with her father because her mother has "Jeff around," whom she did not like. The youngest daughter, age four, preferred to live with her father because he was nicer to her than her mother.

Second, in regards to the children's interaction and interrelationship with their parents and sisters, there were no glaring problems evident from the testimony. With regard to their home, school, and community adjustment, both David and Penny live in the same school district, so the children would not have to change schools, regardless with whom the children lived. Also, both parents have homes and jobs to provide ample support to their children. Finally, with regard to the mental and physical health of all persons involved, the interviews with the children were not really extensive enough to determine these factors. The psychologist's interviews with David and Penny did not reveal that either had significant emotional problems.

Considering all other relevant factors, we note that there were numerous witnesses who testified during the hearing. The credibility and demeanor of these witnesses were available only to the trial judge as the trier of fact, and we must defer to his conclusions pertaining to their credibility. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

Considering all of the evidence and factors in R.C. 3109.04, we cannot find that the trial court's decision and judgment were arbitrary, unreasonable, or capricious. Therefore, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.