OPINION
 "THE TRIAL COURT COMMITTED PLAIN ERROR BY QUALIFYING AS AN EXPERT AS INDIVIDUAL WHO HAS NOT COMPLETED THE FORMAL REQUIREMENTS FOR LICENSURE IN THE PURSUIT IN WHICH QUALIFICATION IS SOUGHT; (SIC) AND BY QUALIFYING THAT INDIVIDUAL IN AN AREA OTHER THAN THAT IN WHICH THE INDIVIDUAL IS EDUCATED OR EXPERIENCED."
The following facts are relevant to this appeal. John was born on January 20, 1993 and Frederick was born on June 17, 1995. On October 4, 1995, LCCS filed a complaint in dependency and neglect and a motion for shelter care.[1] A hearing was held on December 13, 1995. On January 24, 1996, the trial court filed a judgment entry in which John B. was found to be a neglected child and Frederick was found to be a dependant child. Temporary custody was awarded to LCCS. Case plan services included parenting classes, a psychological evaluation, psychological counseling, domestic violence counseling and a substance abuse assessment.
On May 9, 1996, a motion for permanent custody was filed by LCCS. The trial court held a hearing on the motion on February 10, 1997 and April 4, 1997. Appellant was represented by counsel. In a judgment entry journalized on April 29, 1997, the trial court awarded permanent custody of John and Frederick to LCCS. Appellant filed a notice of appeal on May 8, 1997.
In her assignment of error, appellant argues that the trial court erred when it qualified as an expert in therapy the counselor who treated appellant because the counselor had not yet met the requirements for licensure in Ohio, citing Ladd v. OhioCounselor Social Worker Bd. (1991), 76 Ohio App.3d 323. Appellant argues that Evid.R. 601(D)[2], which states the qualifications of expert witnesses in malpractice actions, should govern rather than Evid.R. 702(B), which states the qualification of a witness as an expert.[3] Appellant additionally argues that the trial court erred when it qualified appellant's counselor as an expert in therapy because the therapist offered no testimony that she was qualified as a therapist. This court finds no merit in this assignment of error.
Evid.R. 104(A) provides that "preliminary questions concerning the qualification of a person to be a witness * * * shall be determined by the court * * *." The trial court is vested with broad discretion in its determination of the competency of an expert witness, and the court's ruling on this matter will not be reversed absent an abuse of that discretion. Scott v. Yates
(1994), 71 Ohio St.3d 219, 221; Vistein v. Keeney (1990),71 Ohio App.3d 92; Worthington City Schools v. ABCO Insulation
(1992), 84 Ohio App.3d 144. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (Citation omitted.) When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Evid.R. 702 provides that a witness may testify as an expert if the following three conditions are met: 1) he or she is qualified as an expert by virtue of specialized knowledge, skill, experience, training or education regarding the subject matter of the testimony; 2) the testimony relates to matters beyond the knowledge or experience of lay persons or dispels a common misconception among lay persons; and 3) the testimony is based upon reliable scientific, technical, or other specialized information. The qualification of an expert depends upon the expert's possession of special knowledge that he or she has acquired either by study of recognized authorities on the subject or by practical experience that he or she can impart to the trier of fact. Ishler v. Miller (1978), 56 Ohio St.2d 447, 453-54. "To qualify as an expert, the witness need not be the best witness on the subject. (Citation omitted.) The expert must demonstrate some knowledge on the particular subject superior to that possessed by [the trier of fact]. (Citation omitted.)" Scott v. Yates (1994),71 Ohio St.3d 219, 221.
Appellant challenges the qualification of her counselor who saw appellant in individual counseling for fourteen sessions from November 1995 to June 1996. Appellant's reliance on Ladd v.Ohio Counselor Social Worker Bd. (1991), 76 Ohio App.3d 323, is misplaced because that case involved qualifications for licensure, specifically the "grandfathering" provisions of the administrative code. Ladd did not involve the qualification of an expert witness.
Appellant's counselor presented the following testimony: she possessed a Masters of Education and Counseling degree; had continued her education with workshops and on site supervision; had been employed for three years as a clinical therapist; had counseled over a hundred people in family, individual and couples counseling; and had three thousand of the forty-five hundred hours of counseling needed to obtain her Ohio license in counseling when she was working with appellant. This court finds the witness demonstrated adequate specialized knowledge, education, skill, and experience in the field of counseling to qualify as a expert. The witness possessed a master's degree in counseling, worked as a clinical therapist for three years, and counseled over one hundred people in family, individual and couples counseling. Clearly, she possessed information sufficiently beyond the knowledge of common experience. This court cannot find the trial court acted arbitrarily, abusing its discretion, when the trial court qualified appellant's therapist as an expert witness. See,Williams v. Williams (1992), 80 Ohio App.3d 477.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.
[1] In its brief, LCCS states that on July 6, 1995, LCCS filed a complaint in dependency and neglect and a motion for shelter care but dismissed this complaint when the adjudication and dispositional hearing could not be held within the statutorily proscribed ninety day time frame.
[2] Evid.R. 601(D) provides:
 "A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school. This division shall not prohibit other medical professionals who otherwise are competent to testify under these rules from giving expert testimony on the appropriate standard of care in their own profession in any claim asserted in any civil action against a physician, podiatrist, medical professional, or hospital arising out of the diagnosis, care, or treatment of any person."
[3] Evid.R. 702(B) provides:
 "The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony * * *."
Only one of these characteristics need be present to qualify the individual as an expert. Williams v. Williams (1992), 80 Ohio App.3d 477,480.