OPINION
Defendant-Appellant, Romney M. Lee ("Appellant"), appeals the judgment of the Court of Common Pleas of Shelby County granting divorce, ordering the division of marital assets, and allocating parental rights and responsibilities as to the parties' minor children. For the following reasons, we affirm the judgment of the trial court.
Appellant and John Wyatt Lee were married on February 17, 1994, in Ludlow Falls, Ohio. The parties are the parents of two minor children born in 1994 and 1997. Mr. Lee is a machinist and earns approximately $40,000 annually. Appellant has been a stay-at-home mother for her children during the marriage and is unemployed.
On February 1, 2000, Mr. Lee filed for divorce claiming that the parties were not compatible. An answer and counterclaim was filed by Appellant on February 17, 2000, also claiming incompatibility. Subsequently, both parties were granted temporary restraining orders against each other. Upon Plaintiff's motion, a guardian ad litem was appointed, and a request for psychological evaluations of both parties was granted.
Between the filing of the initial complaint and the hearing before the magistrate, Appellant continued to reside in the marital home with the children, and Mr. Lee stayed at his parents' house. Visitation with the children and child support were arranged privately between the parties. The guardian ad litem conducted her investigation during this time, but her report was delayed in part by Appellant's failure to pay the guardian's fee on time. The report was filed, and a hearing on the matter was heard before the magistrate.
The magistrate, after weighing the evidence before him, recommended a shared parenting plan and divided the marital property in a nearly equal split. Upon review by the trial judge, the shared parenting plan was rejected because neither party had requested such an arrangement, which is required by statute. Therefore, the trial court awarded Mr. Lee custody of the children and granted Appellant visitation rights according to Local Rule 22.
Appellant now appeals that judgment raising the following four assignments of error.
 Assignment of Error I The trial court failed to comply with R.C. 3105.18 by not considering all the factors therein to allow this court to determine the reasonableness of the trial court's denial of spousal support.
 The standard of appellate review for a domestic relations case is an abuse of discretion.[1] An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable, which is something more than a mere error of law or judgment.[2] Absent an abuse of discretion, the trial court's judgment will not be disturbed on appeal.[3]
Spousal support is statutorily defined as "any payment or payments * * * that is both for sustenance and for support of the spouse or former spouse."[4] Spousal support is awarded according to the obligee's need for support and the obligor's ability to pay.[5] It is well-settled that a trial court has broad discretion in fashioning an award of spousal support.[6] Once the trial court determines the proper division of property for a given case it may award reasonable spousal support to either party.[7]
The Ohio Revised Code requires a trial court to consider all the factors listed in R.C. 3105.18(C)(1) when making a determination of whether spousal support is appropriate. Additionally, specific findings must be made by the trial court to enable a reviewing court to determine the reasonableness of its order to grant or deny a request for spousal support and that the relevant factors within R.C. 3105.18 were considered.[8]
Appellant contends that the trial court failed to consider each factor within R.C. 3105.18(C)(1). When deciding whether spousal support was proper, the trial court addressed the issue as follows:
 As to the issue of spousal support, the court has reviewed the factors set forth in O.R.C. § 3105.18. The parties have similar levels of education. Defendant is physically and mentally capable of working. This is not a marriage of long duration. The Court finds, that under the circumstances, an award of spousal support is neither appropriate nor reasonable.
 This court has previously held that while the factors of R.C. 3105.18(C)(1) must be considered, "the failure of the trial court to specifically `enumerate' those factors does not constitute reversible error."[9]
The trial court below did not specifically address each individual factor within R.C. 3105.18 (C)(1); however, the trial court's decision herein does reflect that the factors were reviewed and considered. Therefore, we find that the trial court complied with the statutory requirements set forth in R.C. 3105.18(C)(1). For these reasons, we find that Appellant's argument is not well taken, and accordingly, her first assignment of error is overruled.
 Assignment of Error II The trial court abused its discretion in its determination of the proper allocation of the parental rights and responsibilities of the parties' minor children when it failed to consider the mother's role as primary caretaker and the other statutory factors.
 In her second assignment of error, Appellant takes issue with the trial court's failure to specifically address each statutory factor provided in R.C. 3109.04; especially her role as the children's primary caretaker during the marriage and the alleged abuse toward Appellant by Mr. Lee. Furthermore, Appellant asserts that the court overly emphasized the role of Mr. Lee's father in assisting with the children's upbringing.
When determining an allocation of parental rights, courts must make their decisions based upon the best interests of the children.[10]
R.C. 3109.04(F)(1) requires that the trial court must consider ten enumerated factors along with any other factors the court deems relevant when determining the best interests of the children.
As previously stated by this court, when a trial court's decision concerning child custody is supported by a substantial amount of credible evidence, the decision will not be reversed absent an abuse of discretion.[11] When discussing the custody issues herein, the trial judge explained: "[t]he Court has thoroughly reviewed and considered all relevant factors in making the decision which follows, including, but not limited to the factors set forth in O.R.C. § 3109.04(F)." The court then elaborated on the reasons why Mr. Lee was designated the residential parent: 1) Mr. Lee's father is a stabilizing force for the children and would be residing within a close proximity to the children; 2) Appellant's testimony concerning Mr. Lee's alleged abuse towards her was less than credible; 3) Appellant exhibited "a pattern of poor judgment and immaturity;" 4) Mr. Lee is able to provide for the children; 5) the older child has already adjusted to his current school, which is not within the school district that Appellant resides in; 6) the guardian ad litem was a credible witness; and 7) Mr. Lee's mother would be able to provide daycare services for the children. While the trial court did not specifically address each factor within R.C. 3109.04(F), each relevant factor was obviously taken into consideration to render the opinion. This satisfies the statutory requirements for determining the best interests of the children and is well within the trial court's discretion.
Accordingly, Appellant's second assignment of error is not well-taken and is therefore overruled.
 Assignment of Error III The trial court's pretrial Orders, as well as its failure to issue temporary Orders, denied Appellant due process of law and prevented her from obtaining a fair trial.
 Appellant complains that she was not afforded an adequate amount of time to prepare for trial because the guardian ad litem's report concerning this matter was not filed until seven days before trial, thus precluding a fair hearing. Appellant also maintains that she was prejudiced because there was a lack of pre- trial court orders concerning temporary custody, child support, and spousal support. However, in the absence of any motions requesting the trial court to address these issues, or of any objection prior to or at trial, these issues are not preserved for appeal, and because no issue was made of the matter in the trial court, we find no abuse of discretion or prejudice.[12]
Appellant also contends that she was prejudiced because the trial court allowed Mr. Lee to withdraw his motion for psychological evaluations for both parties after the court had ordered they be conducted. Appellant has failed to show how this was prejudicial to her. Appellant, as above, waived her opportunity to move for such evaluations, and never objected prior to trial that such evaluation had been ignored. The trial court did not abuse its discretion in permitting Mr. Lee to withdraw his motion for psychological evaluation, and Appellant was not prejudiced by the trial court's action.
For the above reasons, Appellant's third assignment of error is not well taken and as such, is overruled.
 Assignment of Error IV The trial court improperly allocated the marital debts and obligations of the parties, contrary to R.C. 3105.171.
 Trial courts have broad discretion to determine the value of marital assets and to fashion an equitable property division.[13] Furthermore, when making a property division, "[r]igid rules to determine value cannot be established, as equity depends on the totality of the circumstances."[14] According to R.C. 3105.171(G), the trial court "shall make written findings of fact that support the determination that the marital property has been equally divided[,]"[15]
and these findings should be detailed enough so that a reviewing court could determine whether the award is fair and equitable according to the law.[16]
The trial court upheld the magistrate's determination of the property division in this case and found that the decision correctly applied the requirements of R.C. 3105.171, including consideration of the factors listed in subsection (F). The magistrate provided great detail as to how the property should be divided, and the division provided for as near as one could come to an equal split. The marital home is to be sold, and the proceeds are to be applied to the marital debt. Anything left over is to be split between the parties. Mr. Lee was awarded his retirement fund, and to equalize any disparity, Appellant was given more of the personal property from the marital residence.
Appellant takes issue with the lower court's valuation of Mr. Lee's retirement benefits. While the court valued the amount at eight hundred dollars, Appellant contends that this amount was only for the vested portion, and when the vested and unvested portions of the pension are both considered, the value is nearly $4,500. What Appellant fails to consider is the limited evidence presented before the magistrate to determine the retirement plan's value. The evidence consisted of Mr. Lee's testimony during direct examination, which proceeded as follows:
Q And do you know what the value of your retirement is?
 A I am only vested for $800. The total value is like $4,500.
 Q But you're vested for [$]800?
 A Yes.
 Q* * * So as far as the marital value of your retirement, you believe that to be $800?
 A Yeah. I got a copy.
Appellant offered no rebuttal evidence concerning this issue during the cross examination of Mr. Lee, and no deposition or other evidence was acquired by Appellant from Mr. Lee's employer. Therefore, based on the evidence before him, the magistrate did not abuse his discretion in valuing the marital portion of the retirement benefits at $800, since the evidence was sufficient to establish such a valuation.
The other specific concern Appellant raises in this assignment regarding the allocation of property is that the mortgage on the marital home, at the time of the hearing, was five months in arrears. Appellant fails to demonstrate how this factor prejudiced her. Because the trial court ordered that the house be sold and the proceeds applied to the marital debt, Appellant was not prejudiced by the court's determination, and the trial court did not abuse its discretion in this regard. Both parties will be equally responsible for any debt and will similarly reap the benefits of any profit from the sale.
For the above stated reasons Appellant's fourth assignment of error is not well-taken and is accordingly overruled.
The judgment of the trial court is affirmed.
HADLEY and BRYANT, JJ., concur.
[1] Booth v. Booth (1989), 44 Ohio St.3d 142, 144
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219
[3] Id. at 218
[4] R.C. 3105.18(A)
[5] Layne v. Layne (1992), 83 Ohio App.3d 559, 562-63
[6] Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24
[7] R.C. 3105.18(B)
[8] Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97
[9] Moore v. Moore (June 18, 1999), Van Wert App. No. 15-98-22, unreported
[10] R.C. 3109.04(F)(1)
[11] Williams v. Williams (l992), 80 Ohio App.3d 477, 482
[12] Wilkins v. Wilkins (Aug. 3, 1995), Allen App. No. 1-95-5, unreported
[13] Skaggs v. Skaggs (Dec. 4, 1997), Marion App. No. 9-97-18,unreported, citing James v. James (1995), 101 Ohio App.3d 668, 681
[14] Baker v. Baker (1992), 83 Ohio App.3d 700, 702, citing Brigantiv. Briganti (1984), 9 Ohio St.3d 220, 221-22
[15] R.C. 3105.171(G)
[16] Kaechele v. Kaechele, 35 Ohio St.3d at 97