LABUTE, Appellant,

v.

LABUTE, Appellee.

[Cite as *LaBute v. LaBute,* 179 Ohio App.3d 696, 2008-Ohio-6190.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–08–10.

Decided Dec. 1, 2008.

Steven M. Powell, for appellant.

Bridget Castle, pro se.

---

WILLAMOWSKI, Judge.

{¶ 1} Plaintiff-appellant, Bernard LaBute ("LaBute"), brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division, denying his motion to reallocate parental rights and responsibilities. For the reasons set forth below, the judgment is affirmed.

{¶ 2} LaBute and defendant-appellee Bridget LaBute, a.k.a. Bridget Dillinger, a.k.a. Bridget Thompson, a.k.a. Bridget Neiling, n.k.a. Bridget Castle ("Castle") were divorced on December 19, 1994. During their marriage, Hunter LaBute ("Hunter") was born on June 8, 1994. Hunter was born with Cri du Chat Syndrome, which is a chromosome disorder resulting in numerous functional and physical deficits, including her ability to communicate verbally. The divorce decree included a shared-parenting plan for Hunter that is still in effect.

{¶ 3} On February 8, 2005, LaBute filed a motion to reallocate parental rights. The basis for this motion was that Castle's life was basically unstable. Castle had been divorced five times and filed bankruptcy twice. Castle had also moved five times in eight years, requiring Hunter to change school districts each time. LaBute alleged that Castle intended to quit her job and move again. Additionally, LaBute alleged that Castle's job was keeping her away from Hunter for a minimum of 11 hours a day and putting the morning care and transportation responsibility for Hunter onto her 15–year–old half-sister.

{¶ 4} A hearing on the motion was held on September 20, November 15, and November 17, 2005. At the September hearing date, Castle resided in Upper Sandusky. By the end of the hearing on November 17, 2005, Castle had moved to Findlay, where she and the children resided with her new boyfriend. The magistrate issued a decision on January 3, 2006, naming LaBute as the residential parent. Castle filed objections to the magistrate's decree on April 3, 2006. LaBute filed his brief in opposition to Castle's objections on April 14, 2006. On May 31, 2006, the trial court sustained the objection to the magistrate's granting of LaBute's motion in limine. The trial court ordered the magistrate to hold a hearing to consider the excluded testimony.

{¶ 5} A second hearing was held by the magistrate on July 20 and August 25, 2006. The parties submitted written closing arguments to the magistrate. On November 13, 2006, the magistrate issued its decision, again reallocating parental rights and naming LaBute as residential parent. Castle filed her objections to the magistrate's decision on February 12, 2007. LaBute filed his brief in response to Castle's objections on February 26, 2007. On March 27, 2007, the trial court issued an order staying the proceedings pending an Ohio Supreme Court decision upon the proper standard to use when considering a modification of shared parenting. The Supreme Court issued its opinion on October 25, 2007, in the case of *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546. At this time, the trial court removed the stay and proceeded with ruling on Castle's objections. On January 3, 2008, the trial court sustained the objections of Castle and denied the motion to reallocate parental rights. LaBute appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

The trial court abused its discretion in finding that no change of circumstances existed requiring the further review of best interests.

### Second Assignment of Error

The trial court abused its discretion in stating that even if a change of circumstances did occur that it was not in the best interests of the minor child

or that any advantage of a change of custody would not outweigh any disadvantage of a change.

{¶ 6} This court notes that Castle has not filed a brief in response to LaBute.

{¶ 7} In the first assignment of error, LaBute claims that the trial court erred in finding that no change of circumstances was present. To find a change of circumstance, the trial court must find a change of substance rather than a slight or inconsequential change. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159.

> In determining whether a "change" has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion.

Id. at 418, 674 N.E.2d 1159. "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." Id., quoting *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 550 N.E.2d 178.

{¶ 8} LaBute argues that there were significant changes in the life of Hunter since the original shared-parenting plan was ordered approximately 11 years before the filing of the motion. This court notes that there clearly were changes in the child's life and in the life of the parent with whom she mainly resides. Castle had married and divorced multiple times, she had moved multiple times, and she had various financial difficulties, including two bankruptcies. The result of all of this was that Hunter was forced to change schools on a frequent basis, which allegedly interferes with her ability to progress in her education. A review of the record indicates that clearly there were changes of substance in the child's life. The trial court relies on the fact that there is no evidence that the child was harmed due to the changes. However, the statute does not require that the child suffer adverse consequences. The magistrate, who viewed the witnesses and is thus in the best position to judge credibility, determined that evidence of a change of substance was proven.[1] This court agrees with the magistrate that a change was present.

---

1. Interestingly, this court is required to review the judgment for an abuse of discretion due to the fact that it is not in the best position to judge the credibility of the witnesses. This is based upon the fact that this court is merely reviewing a written transcript rather than viewing the witnesses as they testify. However, the trial court, which did not conduct the hearing and had no contact with the witnesses and is thus also merely reviewing a written transcript, uses a de novo standard.

{¶ 9} Although this court has held that a change of circumstances was present, this holding does not mean that the assignment of error is automatically sustained. A finding of a change of circumstance is just the first prong in the test. Only if a change is found is the trial court required to consider the best interests of the child. So the harm involved is that the best interests of the child are not considered. Here, the trial court found no change of circumstance. Despite this finding, the trial court continued to examine whether a change of custody was in the best interests of the child. The trial court's consideration of the best interests of the child makes the failure to find a change of circumstances harmless error. For this reason, the first assignment of error is overruled.

{¶ 10} In the second assignment of error, LaBute claims that the trial court erred in finding that a modification of the shared-parenting plan to make his home the residence of Hunter was not in her best interests. When reviewing a trial court's determination of what is in the best interest of a child, the appellate court must affirm the decision unless the trial court has abused its discretion. *Bailey v. Bailey* (Mar. 14, 2002), 3d Dist. No. 1–01–135, 2002 WL 396526.

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

* * *

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

R.C. 3109.04(E)(1)(a).

In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

* * *

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

* * *

(j) Whether either parent has established a residence or is planning to establish a residence, outside this state.

R.C. 3109.04(F).

{¶ 11} Here, the trial court basically disagreed with the findings of the magistrate concerning the credibility of the testimony. The trial court held that the testimony concerning the Troy school system was unreliable and discounted it. Instead, the trial court determined that the testimony of Hunter's current teachers that she was making progress was more persuasive and that Hunter showed no signs of an adverse effect from the numerous changes in her life. Based upon all this evidence, the trial court determined that LaBute had failed to present sufficient evidence to show that the harm caused by a change of custody would be outweighed by the benefits. Whether or not this court would reach the same conclusion if we were to make the decision, we cannot substitute our judgment for that of the trial court. *Williams v. Williams* (1992), 80 Ohio App.3d 477, 609 N.E.2d 617. The trial court's decision is supported by some credible evidence. Therefore, this court cannot find that it abused its discretion. The second assignment of error is overruled.

{¶ 12} The judgment of the Court of Common Pleas of Hancock County is affirmed.

Judgment affirmed.

SHAW, P.J., and ROGERS, J., concur.