[Cite as *Grimes v. Vaske*, 2013-Ohio-4320.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

HAYLEIGH LYNN GRIMES,

    PLAINTIFF-APPELLEE,               CASE NO.  1-13-07

    v.

JAMES RICHARD VASKE, JR.,         O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Allen County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 2006 JP 08620**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   September 30, 2013**

**APPEARANCES:**

    *Aaron L. Bensinger* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant James Vaske ("Vaske") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Juvenile Division, denying his Motion for Reallocation of Parental Rights and Responsibilities, Shared Parenting Plan, and Modification of Support. For the reasons discussed below, the judgment is reversed.

{¶2} This appeal concerns custody of Keira Joy Grimes ("Keira"), a minor daughter of Vaske and Plaintiff-appellee Haleigh Lynn Grimes ("Grimes"), born in March of 2006. The parties were not married. On August 2, 2006, the Juvenile Division of the Court of Common Pleas of Allen County, Ohio, entered an Agreed Judgment Establishing Paternity, Child Support and Healthcare Insurance, in which Grimes was designated as the residential parent and legal custodian of Keira. (Agreed J. Entry at 2, *Grimes v. Vaske*, Allen C.P. No. 2006 JP 08620, Aug. 2, 2006.) The Judgment required Vaske to pay child support and entitled him to visitation rights pursuant to Rule 6 of the Local Rules of Court, which prescribes minimum parenting time and sets the parenting time schedule for the non-residential parent. (*Id.*)

{¶3} On February 15, 2012, Vaske filed his Motion for Reallocation of Parental Rights and Responsibilities, Shared Parenting Plan, and Modification of Support, stating that there had been a significant change in circumstances in that

Keira was spending approximately 50% of the time with her father and she was no longer attending daycare. The magistrate of the trial court conducted a hearing on June 5, 2012, and based on the submitted evidence determined that there had been a change of circumstances warranting modification, a shared parenting plan was in the best interest of the minor child, and the benefits resulting from the shared parenting plan outweighed any harm associated with it.

{¶4} On July 24, 2012, Grimes objected to the magistrate's determination, arguing only that the shared parenting plan was not in Keira's best interest, but not challenging the magistrate's remaining findings. Then, on January 2, 2013, Grimes submitted her Motion to File Supplemental Objections Instanter, accompanied by the supplemental objections in which she argued, for the first time, that the magistrate's finding of a change in circumstances was improper. The trial court denied the motion to supplement, stating that it would "consider only the initial objection filed by the Plaintiff on July 24, 2012, and not the Supplement filed on January 2, 2013," because the Supplement was untimely and there was no excusable neglect for the untimely filing. (J. Entry, *Grimes v. Vaske*, Allen C.P. No. 2006 JP 08620, at 1-2, Jan. 17, 2013.) Nevertheless, the trial court rejected the magistrate's finding that a change of circumstances had occurred, although this finding had not been timely challenged by the initial objections. While not addressing Grimes's actual objection regarding the shared parenting

plan being in Keira's best interest, the trial court stated that "[Grimes's] objections to the decision of the magistrate are well taken, and [Vaske's motion] is found not to be well taken and the same is "DENIED."  (*Id.*)  Vaske appeals from this judgment raising the following assignment of error.

**The Trial Court erred in determining there was not a change in circumstances to warrant a redetermination of parental rights and responsibilities pursuant to R.C. 3109.04(E)(1)(a), adoption of a shared parenting plan and modification of support**.

{¶5} Grimes has not filed a brief in the instant appeal and she has not participated in the oral argument.  Accordingly, pursuant to The Rules of Appellate Procedure, in determining this appeal, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18.

{¶6} The determination of whether a prior court order allocating parental rights and responsibilities should be modified is controlled by R.C. 3109.04(E)(1)(a), which provides:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶7} The finding of a change of circumstances is a necessary prerequisite to the further inquiry of whether the modification would be in the best interest of the child. *Fox v. Fox*, 3d Dist. Hancock No. 5-03-42, 2004-Ohio-3344, ¶ 38. Therefore, to modify the 2006 parenting decree, the trial court was required to first find that a change of circumstances occurred and then determine that the shared parenting plan, as proposed by Vaske, was in the best interest of the child. After satisfying these two steps, the court would then proceed to decide whether one of the elements (i)-(iii) enumerated above was present. The magistrate determined that all of the above statutory requirements for a modification were satisfied, but the trial court disagreed with the magistrate's conclusion regarding the changed circumstances. The trial court did not reject the magistrate's findings as to the facts underlying the claim. Rather, it disagreed with the conclusion that the "change in circumstances" occurred, holding that the increased parenting time,

maturing of the child, and the changes in the mother's work schedule were insufficient to satisfy the standard required by R.C. 3109.04.

{¶8} Accordingly, at issue in this appeal is the trial court's application of the standard for a "change in circumstances" rather than the findings of fact. Indeed, the facts of this case are undisputed as Grimes did not file a brief and Vaske's brief reiterates the factual findings made by the magistrate and also restated by the trial court. Consequently, the review of the trial court's decision must focus on whether the trial court committed an error of law because "[a] finding of an error in law is a legitimate ground for reversal, [although] a difference of opinion on credibility of witnesses and evidence is not." *Davis v. Flickinger*, 77 Ohio St. 3d 415, 419, 674 N.E.2d 1159 (1997).

{¶9} The trial court found that Vaske has had "expansive parenting time with the child, well beyond that which is called for in the court's original Order"; the parties have not strictly complied with the prior decree; "Father enjoys time with the child essentially on any day that he is not working and every other weekend," which, due to the father's alternating work schedule amounts to an average of 50% of the time; "the child has aged from age 4 ½ months to age 6 since the prior decree"; and the mother was no longer in school and maintained a different work schedule." (J. Entry at 2.) These changes were insufficient

according to the trial court because they did not have a "materially adverse effect" upon Keira. (*Id.* at 4.) This reasoning by the trial court was an error in law.

{¶10} We have previously held that R.C. 3109.04(E) "does not require that the child suffer adverse consequences," and we continue to adhere to that holding today.[1] *LaBute v. LaBute*, 179 Ohio App.3d 696, 2008-Ohio-6190, 903 N.E.2d 652, ¶ 8 (3d Dist.). "R.C. 3109.04 requires only a finding of a 'change in circumstances' before a trial court can determine the best interest of the child in considering a change of custody." *Davis* at 417. There is no requirement that a

---

[1] We recognize that a former version of the statute did include an adverse effect analysis and many cases have in the past turned upon that element. *See Castle v. Castle*, 3d Dist. Hardin No. 6-86-15, 1989 WL 10750, *5 (Feb. 9, 1989) (noting that many cases decided under the prior version of R.C. 3109.04 turned upon failure to establish "an adverse impact upon the child" or "a present danger to the mental, moral or emotional development of the child in his existing environment"). The legislature has since changed the statutory language and the finding of the present environment endangering the child is no longer a part of the prescribed analysis. Even under the former statutory provision, however, the finding of harm was relevant to whether a modification should be granted but not to the threshold inquiry of whether a change has occurred. *See Wyss v. Wyss*, 3 Ohio App.3d 412, 414, 445 N.E.2d 1153 (10th Dist.1982). *See also In re Rex*, 3 Ohio App. 3d 198, 199, 444 N.E.2d 482 (3d Dist.1981):

> R.C. 3109.04(B) reads as follows:
> The court shall not modify a prior custody decree unless it finds, based on facts which have arisen since the prior decree or which were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the custodian designated by the prior decree, unless one of the following applies:
>
> (1) The custodian agrees to a change in custody.
>
> (2) The child, with the consent of the custodian, has been integrated into the family of the person seeking custody.
>
> (3) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of such change to the child.

We follow the current statute and the Ohio Supreme Court's definition of "change in circumstances" and those do not require that the "change" be adverse or harmful to the child.

change must be adverse—neither the Supreme Court of Ohio nor the Revised Code place such limitation on the finding of the "change." While the Ohio Supreme Court in *Davis* recognized that "[l]ower courts have varied widely in their interpretation of the meaning of 'change in circumstances,'" and quoted the language of an unreported case requiring that the change must have an "adverse effect upon the child," the Supreme Court did not adopt this language. *Davis* at 417, quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982)[2], quoting *Wedren v. Wedren*, Franklin App. No. 74AP–103 (Aug. 27, 1974), unreported. Rather, the Supreme Court set up the standard as follows, "Clearly, there must be a *change* of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change." (Emphasis sic.) *Id.* at 418. The Supreme Court further warned, "we must not make the threshold for change so high as to prevent a trial judge from modifying custody if the court finds it is necessary for the best interest of the child." *Id.* at 420-421.

{¶11} While the trial court recognized that the passage of time and maturing of the child may be sufficient to satisfy the finding of a change in circumstances, it held that these changes, even "in conjunction with the other

---

[2] Notably, *Wyss* was decided and turned upon one of the prior versions of the statute that included a provision expressly authorizing the court to determine whether "[t]he child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of such change to the child." *Wyss*, 3 Ohio App.3d at 414, quoting R.C. 3109.04.

factors identified by the Magistrate," were insufficient to satisfy the "threshold burden of establishing that there has been sufficient change in the circumstances of either the child or the residential parent *which has had a materially adverse effect upon the child* such as to justify a modification of the existing decree." (Emphasis added.) (J. Entry at 4.) Because we reject the requirement that the change must be adverse, the remainder of the trial court's analysis results in a conclusion that Vaske has met his burden of establishing a change in the circumstances. This conclusion was also reached by the magistrate, who viewed the witnesses and was thus in the best position to judge credibility, and who determined that Vaske proved a change in circumstances. This court agrees with the magistrate.

{¶12} We also note that a denial of a modification and allowing the parties to now start following the minimum parenting schedule as provided for in the 2006 Order would constitute a change that would have a materially adverse effect upon the child, thus satisfying the trial court's requirement of adverse effect. In fact, the trial court held that "the expansive parenting time permitted by the residential parent is not itself a sufficient change of circumstances to meet the threshold, but the interruption of the expansive pattern of parenting time beyond that called for in the existing order could be sufficient"; "The Court would have no difficulty in finding that any significant disruption to the current schedule would constitute a substantive change in her circumstances under R.C.

3109.04(E)(1)(a)." (Emphasis sic.) (J. Entry at 5.) Because a change forming a basis for the statutory modification need not be adverse, the court does not need to await an interruption of the current de facto parenting schedule in order to find a change in circumstances and grant a modification of the prior decree.

{¶13} In denying Vaske's motion, the trial court pointed out that it was troubled by the possible implications of granting a modification when the custodial parent "permit[s] generous and expansive parenting time beyond that required under an existing order." (J. Entry at 4.) Specifically, the trial court expressed concern over custodial parents being discouraged from offering the noncustodial parents any time beyond what is a minimum required of them under an existing decree. While we hold that the circumstances of this case, when taken as a whole, amounted to a sufficient change of circumstances, our ruling should not be read as creating a precedent whereby expansion of a parenting time beyond what is required under an existing order would always satisfy the statutory requirement of "change."

{¶14} Our holding here is limited to the unique facts of this case and is additionally prompted by the fact that no proper objections were filed to the magistrate's determination that the change in circumstances was sufficient to satisfy the first element of the statutory inquiry. In particular, in the only objections to the magistrate's decision timely filed and considered by the court,

Grimes argued solely that the shared parenting plan is not in the best interest of the child. Nevertheless, the trial court did not address this argument. Instead, the trial court upheld the objection that was not properly raised and was not to be considered, concerning the magistrate's finding of the change in circumstances.

{¶15} Rejecting the magistrate's finding of change in circumstances, the trial court did not proceed to the second inquiry under R.C. 3109.04(E)(1)(a), regarding the child's best interests. The magistrate determined that the modification of the prior order in favor of a shared parenting plan was appropriate and in the best interest of Keira. (Magistrate's decision at 23.) The magistrate then examined the remaining requirements of the statute, finding that "the risk of any harm to the minor child as a result of the 'change of environment' or establishment of a shared parenting plan is extremely low or non-existent," because the parties have essentially followed a shared parenting plan for the previous three years. (*Id.*) There is support in the record for these findings and it appears that the trial court agreed when it recognized that the current "pattern of contact between the child and her father * * * appears to be most beneficial to the child" and that the current "pattern of involvement and those beneficial relationships should not be disrupted or endangered." (J. Entry at 4-5.) Nevertheless, the trial court left the second element of the statutory inquiry unanswered. We therefore remand the case for the trial court's determination of

whether "the modification is necessary to serve the best interest of the child" as required by R.C. 3109.04(E)(1)(a).

{¶16} Appellant's assignment of error is well-taken. Therefore, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this decision.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**