OPINION.
{¶ 1} Appellant, Edward Todd Shaffer, appeals the November 20, 2002 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, in which the trial court ordered that the shared parenting plan was to remain in effect.
 {¶ 2} Appellant and appellee, Monica Shaffer, filed a petition for dissolution of marriage on February 18, 2000. The parties were married in 1991, and three children were born as issue of the marriage: Edward, who was born on April 8, 1993; Tyler, whose date of birth is September 8, 1995; and Cameron, who was born on April 19, 1998. The final decree of dissolution of marriage was issued on May 4, 2000, which incorporated a separation agreement that referenced a shared parenting plan. In the separation agreement, appellant was designated the residential parent of the three minor children.
 {¶ 3} On July 30, 2001, appellee filed a motion to amend or dissolve the shared parenting plan, which also included a motion for contempt, a motion to set aside child support, a motion for the designation of appellee as sole residential parent, a motion for the appointment of a guardian ad litem, and a notice of hearing instructions. A hearing was held before the magistrate on appellee's request that the shared parenting plan be terminated and that she be the sole custodian of the minor children. At that hearing, the magistrate decided to appoint a guardian ad litem. The trial court adopted the magistrate's decision on September 21, 2001.
 {¶ 4} On August 8, 2002, appellant filed a memorandum requesting a child support order. Appellee submitted a memorandum in opposition on October 11, 2002. A hearing was held, and the magistrate issued a decision on October 24, 2002, in which he decided that based on the recommendation of the guardian ad litem, the shared parenting plan would remain in effect. The magistrate further decided that appellant would pay $635 per month plus poundage because there had been a change in circumstances in the income of the parties, and that as a result, appellant could claim the children on his tax returns. On that same date, the trial court adopted the magistrate's decision. On November 6, 2002, appellant filed objections to the magistrate's decision. In a judgment entry dated November 20, 2002, the trial court overruled appellant's objections after conducting an independent review of the record. It is from that entry that appellant timely filed the instant appeal and now assigns the following as error[1]:
 {¶ 5} "[1.] The court erred in ignoring the fact that appellant was designated residential parent in the shared parenting plan, thus if a child support order were to issue, [appellant] would be the obligee, not the ogligor [sic].
 {¶ 6} "[2.] The magistrate's calculation of child support is flawed."
 {¶ 7} Under the first assignment of error, appellant argues that the trial court erred because it ignored the fact that appellant was designated the residential parent in the shared parenting plan. Therefore, appellant claims that if any child support were to be issued, he would be the obligee instead of the obligor. Appellant also questions what constitutes sufficient evidence to modify child support under a shared parenting plan.
 {¶ 8} Since dissolution is based on a consensual agreement between the parties, the mutuality component, the cornerstone of dissolution law, distinguishes it from a termination of marriage by divorce. In reWhitman (1998), 81 Ohio St.3d 239, 241; Knapp v. Knapp (1986),24 Ohio St.3d 141, 144. Nevertheless, the trial court, pursuant to R.C.3105.65(B), retains limited jurisdiction to enforce the decree, to modify the allocation of parental rights and responsibilities for the care of the children, to modify the designation of a residential parent and legal custodian of the child, to modify child support, and to modify visitation. Whitman at 241. A trial court may not modify a separation agreement absent specific authority to do so, which can either be given by R.C. 3105.65(B) or reserved by the parties. In re Adams (1989),45 Ohio St.3d 219, 221.
 {¶ 9} It is well-established that a trial court's decision regarding a child support obligation falls within the discretion of the trial court and will not be disturbed absent an abuse of discretion.Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Pursuant to R.C. 3109.04(K)(6), "[u]nless the contextclearly requires otherwise and except as otherwise provided in theorder, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, each parent, regardless of where the child is physically located or with whom the child is residing at a particular point in time, as specified in the order, is the `residential parent,' the `residential parent and legal custodian,' or the `custodial parent' of the child." (Emphasis added.)
 {¶ 11} According to the foregoing statute, unless the court orders otherwise, both parents are required to be treated as the residential parents under a shared parenting plan. Fernbeck v. Fernbeck (Dec. 14, 2001), 7th Dist. No. 00-C.A.-276, 2001 WL 1647229, at 3. In the case at hand, the separation agreement specifically listed appellant as the residential parent of the three minor children. Therefore, the court specifically noted and both parties agreed that appellant would be the residential parent.
 {¶ 12} Here, the custodial arrangement between appellant and appellee had its origin in the shared parenting plan attached to the separation agreement that was approved and adopted by the trial court as part of the May 4, 2000 dissolution decree. The custodial arrangement emanated from the shared parenting plan in which the trial court decreed that appellant was the residential parent of the minor children. Based on the record before us, the trial court never concluded otherwise. Thus, pursuant to the former R.C. 3113.215(C)[2], the parent who has been designated the residential parent shall not be ordered to pay the child support figure that appears in his or her column on line 24 of the worksheet provided in the Revised Code.
 {¶ 13} However, if the shared parenting agreement had not designated appellant as residential parent, both parents would be required to pay child support. Fernbeck, supra, at 3. Thus, the prior language contained in R.C. 3113.215(C), negating the residential parent's duty to pay an annual support obligation as calculated under the worksheet, would not apply to a shared parenting order according to the decision by the Supreme Court of Ohio in Pauly, supra. Luke v. Luke
(Feb. 20, 1998), 11th Dist. No. 97-L-044, 1998 WL 172813, at 5. This court has stated that this scenario of two support orders results in an "offset" of one obligation from the other instead of creating two separate support orders. Id. at 5-6.
 {¶ 14} In the case at bar, the worksheet attached to the magistrate's decision showed that the combined child support obligation would be $16,470 annually. Based on that figure, appellant was responsible for sixty percent of the obligation, $9,882 per year or $823.50 per month. However, the trial court deviated from that figure and concluded that appellant's child support obligation should be $635 per month for all three children. On remand, the trial court should calculate the support obligations pursuant to the worksheets provided in the Revised Code. Anthony v. Anthony (Dec. 3, 1999), 11th Dist. No. No. 98-L-222, 1999 WL 1313730, at 2. The court may depart from the worksheet calculations if it "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in [R.C. 3113.215(B)(3)]." Id., citing R.C. 3113.215(B)(6)(a).[3] The provision of the Revised Code that provides for this is former R.C. 3113.215(B)(6)(a), which states, in relevant part:
 {¶ 15} "If the court issues a shared parenting order in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, * * *."
 {¶ 16} Therefore, when issuing a child support order under a shared parenting plan, the trial court is likewise required to adhere to the computations on the worksheet unless it finds that it would not be in the best interest of the child because of the extraordinary circumstances of the parents as defined in the former R.C. 3113.215(B)(6)(b)(i)-(iii) or because of any other factors and criteria set forth in former R.C.3113.215(B)(3).
 {¶ 17} In doing so, as previously indicated, it appears as though the trial court treated appellant and appellee both as residential parents. Yet, there is nothing in the record to indicate that the trial court ever terminated appellant's status as the residential parent of the children as set forth in the dissolution decree. Therefore, the calculation made by the trial court was flawed. Furthermore, even if the trial court had ended appellant's position as the residential parent, there was no indication as to why the trial court reduced the $823.50 child support obligation to $635.
 {¶ 18} On remand, the trial court should also specify who it intended as the residential parent of the three minor children, i.e., whether it is appellant, appellee, or whether both are to be considered residential parents. If the trial court concludes that appellant is the sole residential parent as it did in the separation agreement which was incorporated into the dissolution decree, pursuant to the former R.C.3113.215(B)(2)(c), the trial court must ascertain the proper child support obligation owed by appellee. If the trial court decides that appellee is the sole residential parent of the three minor children, then it should clarify its intent in deviating from the worksheet. However, if the trial court determines that both appellant and appellee are the residential parents, the trial court should calculate the child support obligations for each parent subject to an offset pursuant to our Luke
decision. Hence, appellant's first assignment of error has merit.
 {¶ 19} For his second assignment of error, appellant alleges that the magistrate's calculation was defective since appellant should have been the obligee and not the obligor. However, based on our resolution of appellant's first assignment of error, this assignment of error is rendered moot.
 {¶ 20} For the foregoing reasons, appellant's first assignment of error is well-taken, and appellant's second assignment of error is rendered moot. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this opinion.
JUDITH A. CHRISTLEY, J., concurs.
DIANE V. GRENDELL, J., concurs in part, dissents in part with concurring/dissenting opinion.
[1] We note that the record before us does not contain a transcript of the proceedings that took place at the hearings before the trial court.
[2] This statute applies to the instant matter because it was in effect at the time the action originated at the trial court level even though it is now repealed.
[3] R.C. 3113.215 was repealed and replaced by R.C. 3119.01, et seq., effective March 22, 2001. See Am.Sub.S.B. No. 180. However, this court reviews the calculation and award of support based on the statute in effect at the time that appellant and appellee filed for the petition for dissolution. Williams v. Williams (1992), 80 Ohio App.3d 477, 482.