JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Ronald P. Basista appeals from a decision of the domestic relations division of the common pleas court which denied for lack of jurisdiction his motion to modify his obligation to make payments into a trust account for the benefit of his minor daughter. He contends that these payments were in the nature of child support, and hence subject to modification. We hold that the common pleas court did not err by finding that the payments were not child support. Therefore, we affirm.
 Procedural History {¶ 2} The parties were divorced pursuant to an agreed entry filed February 9, 1996. Pursuant to this entry, plaintiff-appellee Marijana Basista was to retain a one-half interest in the marital residence, while the other half interest was to be held by the parties' minor child. The residence was subject to a mortgage lien with a balance of approximately $63,999 at five and one-half percent interest and approximately thirteen years remaining. The court ordered:
 {¶ 3} "* * * that the defendant, Ronald Basista, shall pay the monthly mortgage payments associated with the residence * * * until the death or remarriage of the Wife or her cohabitation with an unrelated male or if the Defendant's child support obligation terminates. The Husband's obligation to pay the mortgage payments shall also cease when the mortgage is paid in full. The monthly mortgage payment is Five Hundred Seventy-five and fifteen-hundreths Dollars ($575.15). The obligation of the Defendant is support in nature and the Defendant has this obligation so that the Plaintiff can use her resources to support herself and the parties' minor child. This obligation is nontaxable to the Plaintiff.
 {¶ 4} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, if the Plaintiff dies, remarries or cohabitates with an unrelated male, she shall have the obligation to pay the existing mortgage payments. (The child's equity in the residence shall be established, based upon the reduction in the mortgage balance, due to the mortgage payments that are made by the Defendant. The child's interest in the residence would not continue to increase based upon the Wife's payments or upon the increase in the value of the residence.)
 {¶ 5} "* * *
 {¶ 6} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, if the Plaintiff becomes obligated to make mortgage payments the Defendant shall pay Five Hundred Seventy-five and fifteen-hundredths Dollars ($575.15) per month into a trust for the parties' minor child, which trust is to be established by the parties and to be managed by a banking institution; i.e., National City Bank. This continuing obligation shall terminate when the mortgage * * * is paid in full or when the defendant's child support obligation terminates."
 {¶ 7} In addition, appellant was ordered to pay $1100 per month in child support for a period of thirty months, and $1000 per month thereafter. In an agreed order entered July 11, 2000, however, appellant was ordered to pay child support of $1100 per month again. The parties agreed that they would both maintain health insurance coverage for the child, and that appellant would be responsible for her uninsured medical and dental expenses. Appellant also agreed to bear 80% of the costs of speech and psychoeducational therapy for the child. Appellant and appellee agreed that they would be equally responsible for the cost of summer camp.
 {¶ 8} Appellee remarried on August 26, 2000. This event triggered her obligation to pay the mortgage and triggered appellant's obligation to pay $575.15 per month into a trust account for the child's benefit.
 {¶ 9} On May 14, 2001, defendant-appellant filed a motion to modify his child support obligations, which he described as including his obligations to the child's trust and his obligations for her medical and dental expenses, therapy, and summer camp. The parties stipulated to another agreed entry modifying the amount of child support appellant was obligated to pay and establishing the amount owed by him for past due medical expenses and camp. However, they reserved for future determination appellant's request to modify his obligation to the child's trust and his obligation to pay for future uninsured medical expenses and camp.
 {¶ 10} On January 10, 2003, the magistrate held a hearing regarding appellant's request to modify his obligation to make payments to the child's trust. In a decision filed February 12, 2003, the magistrate concluded that these payments were not child support. First, the magistrate noted that child support is typically a periodic payment intended to provide for the daily needs of the child. Here, the parties had agreed on a periodic child support payment of $1100 per month. However, the magistrate said, the parties went further than a standard support order in planning for the child's future:
 {¶ 11} "* * * They created an arrangement whereby [appellant] relinquished his share of the property division in favor of [the child], an award of an asset to a third party the Court could not have entered on its own. Not content to leave it at that, [appellant] then contractually obligated himself to, in a sense, continue gifting [the child] with regular contributions to increase her equity interest. Incidentially or not, this special provision, at the outset benefitted [appellee], as well as [the child], in that it freed her from having to expend her resources for a substantial housing expense while she remained single. In that way, the provision possesses attributes of a spousal support obligation. But because [the child's], not [appellee's], equity interest increased due to [appellant's] payment to principal and because the payments were to continue after [appellee's] remarriage, the conclusion is inescapable that this arrangement was primarily intended to aid [the child]. The mixed purpose provision was not in lieu of monthly child support, but a special effort to create something of value for [the child]. It may be viewed as an additional `support arrangement' but in no sense can it be construed functionally as a `child support order.'" The magistrate also noted that the child has disabilities, so "[i]t is understandable that the parties desired to create a vehicle for her benefit to establish the means for her to live independently should they no longer be able to care for her." The magistrate determined that this obligation was not modifiable, and therefore, that the motion to modify the trust payments should be denied for lack of jurisdiction.
 {¶ 12} Appellant objected to this decision. The court overruled his objections and adopted the magistrate's decision.
 Law and Analysis {¶ 13} The parties agree that the common pleas court had jurisdiction to modify appellant's obligation to make payments into the child's trust only if the order establishing this obligation can be characterized as a child support order under R.C. 3119.79. If it constitutes an order for the distribution of marital property or a spousal support order, the court does not have jurisdiction to modify it, because there is no provision in the divorce decree specifically authorizing the court to modify the amount or terms of the payments. See R.C. 3105.171 (division of marital property) 3105.18 (spousal support).
 {¶ 14} The common pleas court concluded that the payment here was a hybrid. So long as it was an obligation to pay the mortgage on the marital home, the payment could be characterized partly as spousal support (to the extent that it relieved appellee of the obligation to pay to retain the home) and partly as a special payment establishing an asset for the child (to the extent that the equity portion of the payments increased the child's ownership interest). Once converted into a trust payment, it was entirely for the benefit of the child.
 {¶ 15} However, the magistrate concluded that not all payments for the benefit of a child are "child support." We agree. Where, as here, the payment creates an asset in the child's name, and not a fund available for the current expenses of raising the child, it is not a child support order.
 {¶ 16} In general, a parent is obliged to provide a child with "necessaries" during the child's minority. See R.C. 3103.03. "Necessaries" generally include food, clothing, shelter, medical care, and education. These are the types of current expenses which a child support order is intended to cover. A parent has no obligation to create financial assets in the child's name which will belong to the child after the parental support obligation ends. Pratt v. McCullough (1995), 100 Ohio App.3d 479, 483;Barlow v. Ray (May 2, 1997), Marion App. No. 9-96-68. For this reason, the domestic relations court could not have ordered appellant to place his half of the marital home in the child's name, or to apply the equity portion of his post-decree mortgage payments to increase the child's equity, or to make payments into the child's trust. However, the parties having agreed to these terms as part of the dissolution of their marriage, the court could incorporate them into the decree. Wolfinger v. Ocke
(1991), 72 Ohio App.3d 193. The child is a third party beneficiary of the agreement and of the decree. Id. (citingSmith v. Smith (1964), 7 Ohio App.2d 4, 8).
 {¶ 17} The court has no power to modify a provision of a decree of dissolution which does not concern the allocation of parental rights and responsibilities, custody, parenting time or visitation, unless the power to modify is expressly reserved in the decree.[1] R.C. 3105.65(B); 3105.18(E). Here, the power to modify was not reserved in the decree, and therefore the court lacked jurisdiction to modify the trust payments.
 {¶ 18} Accordingly, we affirm.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J. and Blackmon, J. concur.
[1] Some courts have held that a provision in a dissolution decree for the college education of the parties' children may be modified by the court while the children remain minors, but may not be modified without the child's consent once he or she reaches majority. Rohrbach v. Rohrbach (1992),83 Ohio App.3d 569. This ruling implies that college expenses are a form of support so long as the child is a minor, even though the payment of such expenses will not be made until after the children reach majority and thus after the parents' support obligation ends. We disagree with this holding. In our opinion, an order to make a payment on behalf of a non-minor child is not support, and therefore may not be modified unless the parties have agreed that the court may modify it.