OPINION
{¶ 1} Plaintiff-appellant Bruce Lindman appeals from the August 20, 2004, Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Bruce Lindman and appellee Leslie Lindman (now Geissler) were married in 1989. Four children were born as issue of such marriage, namely, Irena (DOB 12/18/87), Erik (DOB 11/13/89), Bruce Jr. (DOB 9/27/91), and Alexander (DOB 6/8/93).
 {¶ 3} On June 16, 1995, appellant filed a complaint for divorce against appellee in the Delaware County Court of Common Pleas, Domestic Relations Division. A Judgment Entry Decree of Divorce was filed on November 3, 1995. Pursuant to the Decree, appellant was designated the residential parent and legal custodian of the children during specified times and appellee was designated the residential parent and legal custodian at all other times. In addition, appellant was ordered to pay child support in the amount of $915.00 per month.
 {¶ 4} Subsequently, on June 27, 1997, the parties filed a Shared Parenting Plan. The Shared Parenting Plan designated appellant the residential parent and provided that the children would reside with appellee on alternating weekends and one additional day each week. In addition, the Shared Parenting Plan stated that "since the time allocation is fairly equal, no child support shall be exchanged between the parties. Father does agree to pay child care expenses for the children as necessary." An amendment to the Shared Parenting Plan was filed on July 31, 1997 stating as follows:
 {¶ 5} "The second sentence of Paragraph 10 of the shared parenting plan filed June 27, 1997 shall be amended to read as follows:
 {¶ 6} "Both Parties currently live in the Delaware City School District. Both Parties agree to continue to live in said district and changes in the residence of a Party outside of said district may result in modifications to this Plan. Father agrees to use the Mother as the child-care provider and will not use a third party day-care provider without just cause as long as the Parties reside in the Delaware City school district. Father agrees to pay reasonable day care charges to the mother when she is the day-care provider. In the event that the Father changes the day-care arrangement, then the Wife may by letter petition the court for an immediate hearing thereon. As long as the Wife resides in the Smith school district, the Parties agree that the children will attend Smith elementary schools.
 {¶ 7} "Paragraph 8(B) of the shared parenting plan filed June 27, 1997 shall be amended to read as follows:
 {¶ 8} "In addition to the times the children are with the Mother under the child-care provisions set forth in Paragraph 10 as amended above, the Mother shall have the children every other weekend from Friday at 6:00 p.m., to Monday at 7:00 a.m., and one additional night per week." The trial court signed the amended shared parenting decree.
 {¶ 9} On May 28, 2003, appellee filed a "Motion for Modification of Shared Parenting Plan, Establishment of Child Support, and Clarification of Child Care Payments." Appellee, in her motion, alleged, in part, that at the time of the parties' shared parenting plan in 1997, appellant was paying her $1,200.00 a month as "reasonable child care" for the parties' children and that, since such time, appellant had reduced his payment to $600.00 a month for child care on the basis that the older children did not need child care. Appellee, in her motion, asked that appellant be ordered to pay her $9,600.00 a year in child support since "[a]lthough the parties have crafted a shared parenting agreement in which the Plaintiff [appellant] is the primary residential parent . . . the reality is that these parties basically share parenting in a somewhat less than equal basis, with the Defendant [appellee] having the children with her more frequently than the Plaintiff [appellant]."
 {¶ 10} Thereafter, appellant, on November 24, 2003, filed a Motion for Child Support. Appellant, in his motion, alleged, in relevant part, as follows:
 {¶ 11} "5. As was ordered and agreed upon in the Shared Parenting Decree, I used the Defendant for necessary work-related childcare. I paid the Defendant an amount equal to the cost for childcare offered by the Delaware City School System. At that time, i.e. in July 1997, all of our children were under the age of 10, and I felt it was in their best interests to be cared for by their Mother while I was working.
 {¶ 12} "6. Currently, the Defendant provides a work-related childcare for our son Alex who is now 10 years of age. She provides care for Alex approximately one hour each morning before school and for approximately two hours after school. Our three other children no longer require work-related childcare. However, they continue to spend time with their Mother after school because they enjoy seeing her. It is presumed that the Defendant also enjoys seeing the children.
 {¶ 13} "On frequent occasions when I have gone to the Defendant's home to pick up the children, the Defendant has not been there. There has been no adult supervision and the children report they have not seen their Mother since walking home after school and do not know her whereabouts. On many occasions when I have picked up the children, the Defendant has not been home, and I have had to leave our oldest child, Irena, to care for the Defendant's two other small children. In other words, there have been many times when Irena has actually been the childcare provider for our other children.
 {¶ 14} "The Defendant has regular parenting time with the children during which she provides the care that is expected of any non-residential parent. The Defendant has not provided the financial support for our children even to the extent that would be expected by a non-residential parent. She has not paid the children's school fees; she has not paid for the children's medical appointments; she has not prepared the majority of the children's meals; she has not provided clothing for the children; and she has not paid for the children's school and extracurricular activities. As the primary residential parent I have provided these things for our children. I have done so willingly and without any financial assistance or contribution from the Defendant, for the past seven years. I realize that I could have requested child support from the Defendant earlier, and there is no question that support would have helped me in caring for our children. My goal had been for the two of us to get along as parents of our children. When I have asked the Defendant to assist me in paying for something for our children she has been unwilling to do so. The Defendant has never paid her share of the uninsured medical expenses for our children.
 {¶ 15} "At this time I am requesting that the Defendant be Ordered to pay child support. Since 1996 I have been the primary residential parent and provider for our children. The additional child support will help me in paying for the necessary expenses for our children, which I have had the sole responsibility to do. Although we have had "shared parenting," the Defendant has not shared in the responsibility of raising our children. Our children are with me the majority of the time, and I have had total responsibility in providing for them. The Defendant, on the other hand, suggests that the Court should reward her for merely spending time with our children."
 {¶ 16} A hearing on both motions was held before a Magistrate on December 1, 2003. Based on a child support worksheet showing that appellant earned $60,000.00 a year and imputing income to appellee at the minimum wage of $11,128.00 per year, the Magistrate, in her January 7, 2004, decision, determined that if appellee had sole custody of the children, appellant would pay $1,170.16 in child support a month while, if appellant had sole custody, appellee would pay $156.66 per month. Based on the discrepancy in income between the parties, the Magistrate recommended that appellant be ordered to pay child support in the amount of $1,170.24 per month to appellee "pursuant to the Child Support Guidelines." However, the Magistrate recommended that due to the significant amount of time that appellant would have companionship with the children based upon a clarified companionship schedule, appellant be granted a deviation from the guideline amount and that his child support obligation be reduced to $900.00 per month plus processing fee.
 {¶ 17} Appellant filed objections to the Magistrate's Decision on January 20, 2004. Appellant, in his objections, argued, in part, that the Magistrate erred in not ordering appellee to pay child support to appellant since appellant had the children most of the time and paid all of their expenses and that the Magistrate did not specifically state the facts and law used to arrive at the recommended amount of child support. Appellant, in supplemental objections filed with leave of court on April 23, 2004, further alleged that appellee had presented no evidence as to her earning ability or other facts relative to child support.
 {¶ 18} Pursuant to a Judgment Entry filed on August 20, 2004, the trial court overruled appellant's objections and approved and adopted the Magistrate's Decision. The trial court found that, due to the vast disparity in income between the two parties, appellee was entitled to an award of child support in the amount of $900.00 per month and that appellant was entitled to a deviation in the guideline amount due to the amount of time that he spent with the children.
 {¶ 19} It is from the trial court's August 20, 2004 Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 20} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO DESIGNATE THE MOTHER AS THE OBLIGOR AND THE FATHER AS THE OBLIGEE ON THE CHILD SUPPORT WORKSHEET.
 {¶ 21} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO USE THE OFFSET METHOD TO DETERMINE THE FATHER'S PRESUMPTIVE CHILD SUPPORT OBLIGATION.
 {¶ 22} "III. THE TRIAL COURT ERRED WHEN, AS A PART OF ITS DEVIATION ANALYSIS, THE COURT FAILED TO AUTOMATICALLY ADJUST THE FATHER'S PRESUMPTIVE CHILD SUPPORT OBLIGATION BASED ON THE PARENTS' EQUAL TIME WITH THE CHILDREN."
 I {¶ 23} Appellant, in his first assignment of error, argues that the trial court erred in failing to designate appellee as the obligor and appellant as the obligee on the child support worksheet and, by failing to do so, violated R.C. 3119.07(A). We agree.
 {¶ 24} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Supreme Court of Ohio determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 25} R.C. 3119.07(A) states as follows: "(A) Except when the parents have split parental rights and responsibilities, a parent's child support obligation for a child for whom the parent is the residential parent and legal custodian shall be presumed to be spent on that child and shall not become part of a child support order, and a parent's child support obligation for a child for whom the parent is not the residential parent and legal custodian shall become part of a child support order."
 {¶ 26} As is stated above, the parties in the case sub judice entered into a Shared Parenting Plan. As a general rule, neither party is considered a nonresidential parent in a shared parenting arrangement. SeePauly v. Pauly, 80 Ohio St.3d 386, 1997-Ohio-105, 686 N.E.2d 1108.
 {¶ 27} However, R.C. 3109.04(K)(6) states as follows: "[u]nless thecontext clearly requires otherwise and except as otherwise provided inthe order, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, each parent, regardless of where the child is physically located or with whom the child is residing at a particular point in time, as specified in the order, is the "residential parent," the "residential parent and legal custodian," or the "custodial parent" of the child." (Emphasis added).
 {¶ 28} The Shared Parenting Plan, in this matter, specifically stated that appellant was the residential parent.[1] In Shaffer v. Shaffer,
Trumbull App. No. 2002-T-0172, 2003-Ohio-5223, the parties' separation agreement referenced a shared parenting plan that designated the appellant, who was the father of the minor children, as the residential parent. The appellant later filed a memorandum requesting a child support order. After the trial court ordered the appellant to pay $635.00 a month in child support, the appellant appealed, arguing, in part, that the trial court "erred in ignoring the fact that appellant was designated residential parent in the shared parenting plan, thus if a child support order were to issue, [appellant] would be the obligee, not the obligor [sic]."
 {¶ 29} In Shaffer, the trial court, in holding that the trial court erred in treating both parties as residential parties, stated, in relevant part, as follows: "According to the foregoing statute [R.C.3109.04(K)(6)], unless the court orders otherwise, both parents are required to be treated as the residential parents under a shared parenting plan. Fernbeck v. Fernbeck (Dec. 14, 2001), 7th Dist. No. 00-C.A.-276, 2001 WL 1647229, at 3. In the case at hand, the separation agreement specifically listed appellant as the residential parent of the three minor children. Therefore, the court specifically noted and both parties agreed that appellant would be the residential parent." Id. at paragraph 11.
 {¶ 30} In Shaffer, the court further stated: "Here, the custodial arrangement between appellant and appellee had its origin in the shared parenting plan attached to the separation agreement that was approved and adopted by the trial court as part of the May 4, 2000, dissolution decree. The custodial arrangement emanated from the shared parenting plan in which the trial court decreed that appellant was the residential parent of the minor children. Based on the record before us, the trial court never concluded otherwise. Thus, pursuant to the former R.C.3113.215(C)[2] the parent who has been designated the residential parent shall not be ordered to pay the child support figure that appears in his or her column on line 24 of the worksheet provided in the Revised Code.
 {¶ 31} "However, if the shared parenting agreement had not designated appellant as residential parent, both parents would be required to pay child support. Fernbeck, supra, at 3 . . ." Id at paragraphs 12-13.
 {¶ 32} Like Shaffer, the Shared Parenting Plan in this case expressly provides that appellant is the residential parent. Such plan was approved and adopted by the trial court. Pursuant to R.C. 3119.07(A), appellant, therefore, should have been designated the obligee and appellee the obligor on the child support worksheet. As noted by appellant in his brief, "[i]f the father [appellant] would have been designated as the obligee . . ., then the trial court would have presumed that the mother [appellee] owed the father presumptive child support in the amount of $156.66 per month."
 {¶ 33} Based on the foregoing, appellant's first assignment of error is sustained.
 II, III {¶ 34} Based on our disposition of appellant's first assignment of error, appellant's second and third assignments of error are moot.
 {¶ 35} Accordingly, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J. Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded for further proceedings. Costs assessed to appellee.
[1] In fact, language in the shared parenting plan provided that "[a]t all times when the children are with the mother, she will be designated the residential parent" was deleted by agreement of the parties.
[2] Now R.C. 3119.07.