OPINION
{¶ 1} Appellant, Barbara S. Netotea ("Barbara"), appeals the September 15, 2004 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling her objections to a magistrate's decision modifying a decree of dissolution. For the following reasons, we reverse the decision of the trial court and remand the matter.
 {¶ 2} On March 24, 1979, Barbara and Larry A. Netotea ("Larry") were married in Warren, Ohio. Three children were born of the marriage.
 {¶ 3} On October 19, 1998, Barbara and Larry were granted a decree of dissolution. On December 14, 1998, a supplemental dissolution decree was filed containing an amended separation agreement. Article 4 of the amended agreement, concerning "Child Support," provided:
 {¶ 4} "* * * The parties have agreed to share college expenses comparable to a state supported college or university 4 year program, at YSU, JSU or other agreed to school for their children as follows: Wife to pay first quarter tuition, Husband to pay second quarter tuition, alternating thereafter. Reasonable living expenses and books are to be divided equally. Each child is to maintain at least a C average. The parties agree that this clause may be amended if the child chooses a non public supported college or university."
 {¶ 5} Article 16 of the amended agreement, concerning "Amendment or Modification," provided:
 {¶ 6} "This Agreement may be amended or modified only by a written instrument signed by both parties, except as provided otherwise relating to the residential parent status, support and companionship and visitation of the children of the parties if any."
 {¶ 7} In 2002, Lisa Netotea ("Lisa"), Barbara and Larry's youngest child, began attending Kent State University. On December 18, 2003, Barbara filed a motion to show cause for Larry's failure to comply with the terms of the separation agreement regarding the payment of Lisa's college expenses.
 {¶ 8} The matter was referred to a magistrate. Following a hearing, the magistrate issued his decision August 3, 2004. The magistrate found that $4,076.00 of a student loan obtained by Lisa was available for her "reasonable living expenses." In adopting the magistrate's decision the day it issued, the trial court held "that due to Lisa Netotea having available to her the sum of $4076.00 to be applied toward her reasonable living expenses, plus her employment income, the portion of the parties' agreement contained in Article 4 referring to `reasonable living expenses' is hereby stricken and held for naught. The balance of Article 4 to remain in effect." The trial court ordered Larry to pay Barbara $3,936.35 as his share of the remaining Article 4 college expenses.
 {¶ 9} On August 17, 2004, Larry filed objections to the magistrate's decision, which were overruled on August 23, 2004. On September 9, 2004, Barbara filed objections to the magistrate's decision, which were overruled. This appeal followed.
 {¶ 10} Barbara raises the following assignments of error:
 {¶ 11} "[1.] The trial court erred to the prejudice of the appellant in striking that portion of Article 4 of the separation agreement dealing with `reasonable living expenses.'
 {¶ 12} "[2] In a post dissolution motion to show cause the trial court does not have jurisdiction to strike an unambiguous, negotiated agreed upon contract provision in the separation agreement to the payment of `reasonable living expenses' at college."
 {¶ 13} We will first address the second assignment of error as it is dispositive of this appeal. Barbara's second assignment of error challenges the trial court's jurisdiction to modify the separation agreement. Unlike objections to the trial court's findings of fact and conclusions of law, questions regarding a trial court's subject matter jurisdiction cannot be waived.State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544, 1997-Ohio-366 ("[s]ubject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case."). See, also, In re Petersen, 11th Dist. No. 2003-G-2508, 2004-Ohio-2308, at ¶ 19.
 {¶ 14} In Ohio, the age of majority is eighteen. R.C.3109.01. "[T]he obligation to pay child support normally terminates when a child reaches the age of eighteen." Blaner v.Blaner, 11th Dist. No. 2003-T-0042, 2004-Ohio-3678, at ¶ 9, citing Dudziak v. Dudziak (1992), 81 Ohio App.3d 361, 366. However, parents may provide for the support of their children beyond the age of eighteen in dissolution proceedings. "A separation agreement providing for the support of children eighteen years of age or older is enforceable by the court of common pleas." R.C. 3105.10(B)(1).
 {¶ 15} Courts only retain a limited jurisdiction in dissolution proceedings to modify the separation agreement incorporated into a decree of dissolution. In re Whitman
(1998), 81 Ohio St.3d 239, 241, 1998-Ohio-466; Shaffer v.Shaffer, 11th Dist. No. 2002-T-0172, 2003-Ohio-5223, at ¶ 8, citing In re Adams (1989), 45 Ohio St.3d 219, 221. "A court retains continuing jurisdiction to enforce the decree and to modify issues `pertaining to the allocation of parental rights and responsibilities for the care of children, to the designation of a residential parent and legal custodian of the children, to child support, and to visitation.'" Whitman at 241, quoting R.C. 3105.65(B); Shaffer at ¶ 8; Sutherell v. Sutherell (June 11, 1999), 11th Dist. No. 97-L-296, 1999 Ohio App. LEXIS 2631, at 6-7. Consequently, where the parties have entered into a separation agreement that provides for child support, the trial court may later modify the agreement. McClain v. McClain
(1984), 15 Ohio St.3d 289, 290.
 {¶ 16} However, "[t]he court has no power to modify a provision of a decree of dissolution which does not concern the allocation of parental rights and responsibilities, custody, parenting time or visitation, unless the power to modify is expressly reserved in the decree." Basista v. Basista, 8th Dist. No. 83532, 2004-Ohio-4078, at ¶ 17, citing R.C. 3105.65(B) and 3105.18(E). Not every payment made to a minor child or emancipated adult is considered child support. See, e.g.,Basista. Therefore, the preliminary issue in the instant case is whether the separation agreement's provision requiring the parties to equally divide and pay for Lisa's reasonable college living expenses represented child support.
 {¶ 17} A parent is responsible for providing a minor child with "necessaries." R.C. 3103.03. See, also, Basista at ¶ 16. "Necessaries" are current expenses such as food, clothing, and shelter, which are intended to be covered by child support.Basista at ¶ 16. But a parent is not legally responsible to support an emancipated child, as the parental support obligation ends once the child is emancipated. Id.
 {¶ 18} Here, the court modified a portion of the separation agreement that required the parties to equally divide and pay Lisa's reasonable college living expenses. Lisa was emancipated when the modification occurred. The payment of Lisa's reasonable college living expenses are not current expenses for the support of a minor child. See, e.g., Basista at fn.1. Accordingly, such a payment does not represent child support and, therefore, the court lacked jurisdiction to modify this portion of the agreement.
 {¶ 19} Furthermore, the separation agreement did not reserve any authority with the court to modify the agreement. To the contrary, the agreement provided that it could only be modified by a written instrument signed by both parties.
 {¶ 20} It is important that parents who in good faith willingly enter into agreements in a dissolution proceeding be able to rely on those agreements. They must also be able to rely on the court to honor and enforce those agreements in order to ensure the stability and integrity of our system of laws.
 {¶ 21} That being said, a separation agreement is a contract and is subject to the same rules of construction. Ronyak v.Ronyak, 11th Dist. No. 2001-G-2383, 2002-Ohio-6698, at ¶ 10. Accordingly, unambiguous words appearing in a separation agreement will be given their ordinary meaning unless another meaning is clearly suggested from the face of the agreement or its overall content. Id.
 {¶ 22} The relevant terms of the separation agreement are unambiguous and should be given their ordinary meaning. Per the agreement, the parties were required to equally divide and pay Lisa's reasonable college living expenses. Because this payment did not represent child support, the trial court lacked jurisdiction to modify this portion of the agreement. We note that Barbara merely filed a motion to show cause for Larry's failure to comply with the dissolution decree. There was no request to modify the decree. The trial court's mandate and/or authority is clear. It must simply decide the issues before it, specifically, the issue of Larry's contempt. Thus, Barbara's second assignment of error is with merit.
 {¶ 23} Based upon the foregoing analysis, Barbara's second assignment of error is with merit and we herby reverse the judgment of the trial court and remand this matter to allow the court to enter judgment accordingly.
Rice, J., concurs in judgment only,
Grendell, J., dissents with a Dissenting Opinion.