JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ronald P. Basista, appeals from a common pleas court order which found him in contempt of court. He argues that the common pleas court erred by ordering him to make payments into a trust account for the benefit of his daughter "until further order of the court," even though the divorce decree provided that his obligation to make these payments would terminate when certain conditions were met. We agree with appellant that the common pleas court lacked jurisdiction to modify this provision of the divorce decree. Accordingly we vacate the court's order in part.
 Procedural History {¶ 2} The parties were divorced pursuant to an agreed entry filed February 9, 1996. This entry provided that plaintiff-appellee, Marijana Basista, was to retain a one-half interest in the marital residence, while the other half interest was to be held by the parties' minor child. The residence was subject to a mortgage lien. The court ordered:
 {¶ 3} "* * * that the defendant, Ronald Basista, shall pay the monthly mortgage payments associated with the residence * * * until the death or remarriage of the Wife or her cohabitation with an unrelated male or if the Defendant's child support obligation terminates. The Husband's obligation to pay the mortgage payments shall also cease when the mortgage is paid in full. The monthly mortgage payment is Five Hundred Seventy-five and fifteen-hundreths Dollars ($575.15). The obligation of the Defendant is support in nature and the Defendant has this obligation so that the Plaintiff can use her resources to support herself and the parties' minor child. This obligation is nontaxable to the Plaintiff.
 {¶ 4} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, if the Plaintiff dies, remarries or cohabitates with an unrelated male, she shall have the obligation to pay the existing mortgage payments. (The child's equity in the residence shall be established, based upon the reduction in the mortgage balance, due to the mortgage payments that are made by the Defendant. The child's interest in the residence would not continue to increase based upon the Wife's payments or upon the increase in the value of the residence.)
 {¶ 5} "* * *
 {¶ 6} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, if the Plaintiff becomes obligated to make mortgage payments the Defendant shall pay Five Hundred Seventy-five and fifteen-hundredths Dollars ($575.15) per month into a trust for the parties' minor child, which trust is to be established by the parties and to be managed by a banking institution; i.e., National City Bank. This continuing obligation shall terminate when the mortgage * * * is paid in full or when the defendant's child support obligation terminates."
 {¶ 7} Appellee remarried on August 26, 2000. This event triggered her obligation to pay the mortgage and triggered appellant's obligation to pay $575.15 per month into a trust account for the child's benefit. Appellant sought to modify this obligation, claiming that it was a form of child support. The trial court found that it was not child support and was not subject to modification. This court agreed. Basista v. Basista,
Cuyahoga App. No. 83532, 2004-Ohio-4078.
 {¶ 8} On September 13, 2004, appellee filed a motion to show cause and a motion for attorney's fees asserting that appellant had failed to comply with the provision of the divorce decree requiring appellant to make payments into the trust account. The magistrate conducted a hearing on these motions on June 15, 2005, and issued her decision on June 24, 2005. The magistrate found appellant in contempt of court and sentenced him to thirty days in jail. However, appellant could purge his contempt by depositing the sum of $33,358.70 into an account for the benefit of his daughter and paying $2,405 to appellee for her attorney's fees. In lieu of actual incarceration, the court could order appellant to perform not less than 200 hours of community service. Finally, the magistrate ordered:
 {¶ 9} "Defendant shall deposit the sum of $575.15 per month for the month of July 2005 and every month thereafter into the account for [the child] until further order of the Court. Deposits are to be made no later than the fifth (5th) of each month."
 {¶ 10} Appellant objected to the magistrate's report. Among other things, he asserted that the magistrate did not have jurisdiction to order him to make payments "until further order of the Court." The court overruled appellant's objections and adopted the magistrate's decision.
 Law and Analysis {¶ 11} This court previously determined that the common pleas court lacked jurisdiction to modify the provision of the divorce decree that required appellant to make payments into the trust account for his daughter's benefit. The divorce decree provided that "[t]his continuing obligation shall terminate when the mortgage * * * is paid in full or when the defendant's child support obligation terminates." The order before the court on this appeal requires appellant to continue to make payments into the trust account "until further order of the court." We agree with appellant that this is a void attempt to modify the divorce decree, making the appellant's future payment obligations indefinite rather than allowing them to terminate automatically.[1] Cf. Doolin v. Doolin (1999),123 Ohio App.3d 296 . Accordingly, we vacate the court order entered November 22, 2005 to the extent that it provides, at the fifth paragraph on page 2 of the order: "Defendant shall deposit the sum of $575.15 per month for the month of July 2005 and every month thereafter into the account for Nicole until further order of Court. Deposits are to be made no later than the fifth (5th) of each month." The provision of the divorce decree establishing appellant's continuing obligation to make monthly deposits into the trust account for Nicole remains in effect according to its terms.
Vacated in part.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Kilbane, J., concur.
[1] Appellee urges that this appeal has become moot because appellant purged his contempt. We disagree. The portion of the court's order at issue here relates to future payments into the trust account, not past failures to make payments. This issue is not moot.