[Cite as *Novak v. Novak*, 2014-Ohio-10.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JOSEPH WILLIAM NOVAK, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2013-L-047 and 2013-L-063** |
| TONI GAYLE NOVAK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 92 DR 001086.

Judgment: Affirmed.

*Stephen J. Futterer*, Willoughby Professional Building, 38052 Euclid Avenue, Suite 105, Willoughby, OH 44094 (For Plaintiff-Appellant).

*Linda D. Cooper*, Cooper & Forbes, 166 Main Street, Painesville, OH 44077-3403 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} These appeals are from two judgments in a divorce case before the Lake County Court of Common Pleas, Domestic Relations Division. In the first judgment, the trial court denied appellant Joseph William Novak's motion for relief from a prior entry in which he was ordered to pay appellee Toni Gayle Novak $110,000 under the terms of a settlement agreement. In the second judgment, the trial court denied his motion to stay all pending proceedings to enforce payment of the debt. Under both appeals, appellant essentially argues that he should not be required to comply with the settlement

agreement because he had three meritorious defenses to appellee's claim.

{¶2} After a fifteen-year marriage, the parties were granted a divorce in August 1994. Under one provision of the final decree, appellant was obligated to hold appellee harmless from a number of listed marital debts. Included in the list was a joint liability of $65,000, owed to Darla A Francesconi. In regard to other existing debts, a second term of the divorce decree provided:

{¶3} "In the event [appellant] files bankruptcy, either personally or through corporate bankruptcy or through a Trustee, or if a creditor files an action against [appellee] for any debts allegedly discharged by [appellant] for himself or his corporate debt, excluding any personal debts individually incurred by [appellee], then [appellant] will provide and pay for [appellee's] defense, and if judgments are procured in relation to [appellant's] debts or [appellant's] corporate debts, [appellant] will reimburse [appellee] for any payments."

{¶4} Approximately nine years after issuance of the divorce decree, Darla Francesconi brought an action against appellee based upon a cognovit note which she and appellant executed in favor of Francesconi in 1990. The note had been drafted by appellant's former business partner, Connie Helmenak, who was also Francesconi's mother. Even though appellant provided some assistance to appellee in defending the "note" action, Francesconi ultimately obtained a judgment against appellee for $110,000, plus interest. Appellee then satisfied the judgment.

{¶5} In September 2011, appellee filed a motion to show cause in the divorce action, claiming that appellant should be held in contempt for failing to comply with the provision of the divorce decree requiring reimbursement. Specifically, she alleged that appellant refused to reimburse her for the Francesconi judgment and the expenses she

2

incurred in defending the case. After the matter was pending for three months, appellee submitted an amended motion to show cause that was based on the same allegations, but was accompanied by copies of the relevant provisions of the 1994 decree.

{¶6} An initial hearing on the contempt motion was held before a magistrate on December 20, 2011. At that time, the magistrate informed appellant that the contempt proceeding would be quasi-criminal in nature, and that he was entitled to certain rights. Moreover, two days after the initial hearing, the trial court appointed a public defender to represent appellant. A final hearing on the contempt motion was set for February 24, 2012.

{¶7} Four days after the scheduled date for the hearing, the magistrate issued a decision indicating that the contempt motion had been "resolved" because the parties were able to negotiate a settlement of the pending issue. According to the magistrate, appellant agreed to pay appellee $110,000 and interest at the statutory rate. Upon concluding that the settlement agreement was fair and equitable, the magistrate entered judgment in favor of appellee for the stated sum. One day later, the trial court adopted the decision and entered judgment in accordance with the settlement.

{¶8} In June 2012, appellee instituted proceedings to execute on the money judgment. Approximately one month later, appellant filed a Civ.R. 60(B) motion for relief from the money judgment. Essentially, he argued that the settlement agreement was unenforceable because, on the day it was supposedly negotiated, he was so "severely ill" that he could not have acted knowingly and voluntarily. Appellant further asserted that he was given bad advice by his appointed attorney during negotiation of the settlement. As to his alleged liability to appellee based upon the Francesconi note, he argued he was not obligated to reimburse appellee because: (1) the note was

3

fraudulent; (2) no consideration was given for the note; and (3) the note pertained to appellee's personal debt, and thus was not covered under the provisions of the divorce decree.

**{¶9}** After considerable delay in service of the 60(B) motion on appellee, an evidentiary hearing on that motion was held before the magistrate on February 6, 2013. In her subsequent decision, the magistrate concluded that appellant was not entitled to relief from the "settlement" judgment because his evidence was insufficient to meet any of the three requirements under Civ.R. 60(B). Regarding appellant's "illness" assertion, the magistrate found that his testimony did not establish that his illness rendered him unable to knowingly and voluntarily enter into the settlement agreement. In relation to the timing of the 60(B) motion, the magistrate concluded that appellant was not diligent in requesting relief from the settlement because he waited until appellee tried to collect on the judgment before filing the motion. Finally, the magistrate held that appellant did not demonstrate he had a meritorious defense as to the underlying debt on the cognovit note to Francesconi.

**{¶10}** In objecting to the foregoing decision, appellant raised specific challenges to the magistrate's finding concerning the extent of his illness when the settlement was reached and the magistrate's conclusion as to the lack of a meritorious defense to the Francesconi debt. However, his objections never addressed the magistrate's separate holding that his 60(B) motion was not submitted timely. Furthermore, appellant did not support his objections with a transcript of the evidentiary hearing before the magistrate. Instead, he attempted to submit new evidence by attaching to his objections copies of pleadings appellee filed when she initiated a bankruptcy proceeding in 2004. According to appellant, since the pleadings contained no reference to appellee's claim against him

4

as to the Francesconi debt, she should be estopped from asserting the claim under her contempt motion.

{¶11} After hearing oral arguments on the objections, the trial court rendered its final judgment overruling those objections and adopting the magistrate's decision as to the disposition of appellant's Civ.R.60(B) motion. In relation to each objection, the court concluded that the substance of appellant's argument could not be addressed because he had not provided a transcript of the magistrate's evidentiary hearing. Moreover, the court did not consider the merits of appellant's "estoppel" argument because the copies of the bankruptcy pleadings were not submitted to the magistrate for review. Therefore, appellee's money judgment against appellant, based upon the settlement agreement, was upheld.

{¶12} Within fifteen days of the denial of his 60(B) motion, appellant moved the trial court to stay/dismiss all proceedings in aid of the execution of the money judgment. As one basis for the new motion, appellant again argued that appellee should not be allowed to recover from him based upon the Francesconi debt because she did not list her claim against him in her bankruptcy pleadings. In a separate judgment denying the stay/dismiss request, the trial court again held that appellant waived the "estoppel" issue by failing to introduce the copies of the bankruptcy pleadings into evidence during the evidentiary hearing on the 60(B) motion.

{¶13} Appellant brought separate appeals from the denial of his motion for relief from the settlement judgment and the denial of his motion to stay/dismiss the execution proceedings. In his brief for both appeals, he asserts four assignments for review:

{¶14} "[1.] The trial court erred in denying [appellant's] objection to the magistrate's Conclusion of Law (C) that [appellant] had entered into the 'agreement to

5

hold [appellee] harmless from this debt that she paid on his behalf' when the debt was not one described in the divorce decree.

{¶15} "[2.] The trial court erred in denying [appellant's] objection to the magistrate's Conclusion of Law (G) that '. . . promissory notes do not necessarily fail due to a want of consideration where nothing of value was received from one party to the transaction' as this is an error of law.

{¶16} "[3.] The trial court erred in denying [appellant's] objection to the magistrate's Conclusion of Law (G) that [appellant] did not satisfy his burden to prove a justifiable reason for relief from the judgment and that he had a meritorious defense to the judgment on the basis of lack of transcript and refusing to consider the bankruptcy filings of [appellee] that were attached to the objections.

{¶17} "[4.] The trial court erred in adopting the magistrate's decision in its entirety and in denying [appellant's] motion for relief from judgment."

{¶18} Since our resolution of appellant's fourth assignment is dispositive of this appeal, it will be addressed first. Under that assignment, he contends that the magistrate and the trial court erred in concluding that he failed to satisfy all three requirements for relief from a final judgment pursuant to Civ.R. 60(B). Appellant first argues that the agreement is unenforceable against him because the evidence established that he was too ill on the date of the contempt hearing to have knowingly and voluntarily agreed to the settlement.

{¶19} Civ.R. 60(B) provides, in pertinent part:

{¶20} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

6

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."

{¶21} "In order to prevail on a Civ.R. 60(B) motion, a movant must demonstrate that: (1) [he] has a meritorious claim or defense; (2) [he] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. V. ARC Industries* (1976), 47 Ohio St.2d 146, * * *, paragraph two of the syllabus. If any of these three requirements are not met, the motion should be denied. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351 * * *. We review the trial court's decision on a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77 * * *. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 * * *." *EMC Mort. Corp. v. Pratt*, 10th Dist. Franklin No. 07AP-214, 2007-Ohio-4669, ¶7.

{¶22} As noted previously, in applying the 60(B) standard to the situation in this case, the magistrate expressly concluded that appellant failed to satisfy any of the three requirements for relief under the rule. As to the requirement of establishing a justifiable

7

reason for relief from the prior judgment, the magistrate rejected appellant's contention that he had been too ill to agree to the settlement: "[Appellant] also claims he was so ill that day he essentially entered into the agreement so he could leave the courthouse. However, the testimony presented is not persuasive such that [appellant's] illness precluded him from being able to knowingly and voluntarily enter into the agreement to hold [appellee] harmless from this debt she paid on his behalf."

**{¶23}** As an initial point, the magistrate's analysis regarding the persuasiveness of the testimony as to the extent of his illness constituted a factual finding; i.e., based on the magistrate's consideration of the applicable testimony, she found that the nature of appellant's illness during the contempt hearing was not so great as to render him unable to knowingly and voluntarily agree to the settlement. As part of his written objections to the magistrate's decision, appellant argued that he "testified sufficiently as to his illness and state of body and mind that precluded a knowing and voluntary agreement to a judgment against him." However, despite raising this point, appellant did not afford the trial court the opportunity to review his testimony through the submission of a transcript of the evidentiary hearing on his Civ.R. 60(B) motion.

**{¶24}** Civ.R. 53(D)(3)(b)(iii) states that an "objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "If an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions. *In re Estate of Lucas*, 2d Dist. No. 23088, 2009-Ohio-6392, ¶32. Thus, on appeal of a judgment rendered without the benefit of a timely transcript or affidavit, an appellate court only

8

considers whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision. *Id.*" *King v. King*, 11th Dist. Geauga Nos. 2012-G-3068 and 2012-G-3079, 2013-Ohio-2038. ¶28.

**{¶25}** In light of appellant's failure to satisfy the "transcript" requirement of Civ.R. 53(D)(3)(b)(iii), he cannot question the propriety of the magistrate's finding that, even if he was ill on the date of the contempt hearing in February 2012, he was still capable of "knowingly and voluntarily" entering into the settlement agreement with appellee.

**{¶26}** A settlement agreement is considered a form of a contract. *B.W. Rogers Co. v. Wells Brothers, Inc.*, 3d Dist. Shelby No. 17-11-25, 2012-Ohio-750, ¶27. As part of a decision analyzing the proper construction of a settlement agreement, the Supreme Court of Ohio has indicated: "'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, *contractual capacity*, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'" (Emphasis added.) *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶16, quoting *Perimuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976).

**{¶27}** Regarding a party's contractual capacity, the focus of the analysis is upon the person's ability to comprehend the meaning of the proposed agreement and agree to its terms:

**{¶28}** "An essential element of a contract is assent to the terms of the agreement. Parties entering into a contract must be competent to assent to the terms thereof. Where there is no capacity to understand these terms, there can be no contract. See, generally, 17 Ohio Jurisprudence 3d (1980) 442, Contracts, Section 13, and cases cited therein.

{¶29} "The test of competency to contract is whether the powers of a person's mind have been so affected as to destroy the ability to understand the nature of the act in which he is engaged, its scope and effect or its nature and consequences. *In Re Appropriation for Hwy. Purposes* (C.P. 1969), 19 Ohio Misc. 81, * * *. If a person, at the time of entering into a contract, understands the nature, extent and scope of the business he is about to transact, and possesses that degree of mental strength which would enable him to transact ordinary business, he is in law considered a person of sound mind and memory. *Vnerakraft, Inc. v. Arcaro* (1959), 110 Ohio App. 62, * * *." *Davis v. Marshall*, 10th Dist. Franklin No. 94APE02-158, 1994 Ohio App. LEXIS 3538, *7-8, (Aug. 8, 1994).

{¶30} In this case, the magistrate did not frame her factual finding in terms of the foregoing standard for contractual capacity. Instead, the magistrate framed her findings to address the specific argument raised by appellant: whether he agreed to the settlement knowingly and voluntarily. Nevertheless, given that the word "knowing" necessarily entails the ability to comprehend and the word "voluntary" denotes a lack of physical or mental coercion, the magistrate's findings were legally sufficient to support the conclusion that, despite any illness on the date of the contempt hearing, appellant had the requisite capacity to enter into a binding contract. In other words, the finding supported the holding that appellant's illness was not so great as to "destroy" his ability to understand both the meaning and effect of the settlement agreement. *Cf., Miller v. Miller*, 9th Dist. Summit No. 21770, 2004-Ohio-1989, ¶16, in which the failure to prove that the husband acted involuntarily in signing a settlement agreement was equated to a failure to show a lack of contractual capacity.

{¶31} By failing to submit a transcript of the magistrate's hearing on his Civ.R.

60(B) motion, appellant waived his right to challenge her finding as to the extent of his illness when the settlement was reached. In turn, her findings of fact supported the ultimate conclusion that appellant had the contractual capacity to reach an agreement with appellee as to the disposition of her "Francesconi" claim. Thus, appellant's "illness" assertion did not state a viable reason for relief from the settlement judgment under Civ.R. 60(B)(1) or (B)(5).

{¶32} In attempting to satisfy the "justifiable reason" prong of the 60(B) standard, appellant also asserted at the trial level that his decision to agree to the settlement was based in part upon bad advice from his appointed counsel. According to appellant, his counsel replied "yes" when he asked whether he would be able to subsequently contest appellee's claim even if he consented to the settlement. However, in addressing similar arguments raised in relation to settlement agreements, Ohio appellate court have held that such agreements cannot be set aside on the grounds of poor legal advice because it is not a viable defense to the enforceability of a contract. *Yatsko v. Yatsko*, 9th Dist. Medina App. No. 2681-M, 1998 Ohio App. LEXIS 3526, *8-9, (July 29, 1998); *Wade v. Wade*, 6th Dist. Fulton No. F-02-014, 2003-Ohio-686, ¶8. Hence, appellant's assertion was legally insufficient to state a viable reason for relief under 60(B)(1) or (B)(5).

{¶33} As a final "justifiable reason" for relief from the settlement and the related judgment, appellant also maintained that his potential liability was based on fraudulent behavior. But, as part of her factual findings, the magistrate noted that appellant did not show any fraud by appellee in the negotiation of the settlement; instead, his allegation of fraud pertained solely to Francesconi and the cognovit note. While fraud in regard to the cognovit note may have been a potential defense to appellee's claim predicated on her payment of that note, it did not constitute a justifiable reason for setting aside the

11

settlement agreement. Therefore, appellant was not entitled to relief from the previous judgment under Civ.R. 60(B)(3).

{¶34} Pursuant to the foregoing, appellant did not satisfy any of the five grounds in Civ.R. 60(B) for granting relief from a prior final judgment. Since all three requirements of the 60(B) standard must be met before such relief is warranted, the denial of appellant's motion can be upheld on this basis alone.

{¶35} The magistrate further held that appellant failed to submit his Civ.R. 60(B) motion in a timely manner. In objecting to the magistrate's decision, appellant never challenged this particular conclusion. As a result, the trial court was permitted to adopt the magistrate's decision solely on appellant's failure to satisfy the "timeliness" requirement.

{¶36} Given that appellant was unable to establish any error in the magistrate's analysis of the second and third requirements of the 60(B) standard, the trial court did not abuse its discretion in overruling his objections and ordering the denial of the Civ.R. 60(B) motion. For this reason, appellant's fourth assignment is without merit.

{¶37} Each of appellant's first three assignments pertains to whether he had a meritorious defense to appellee's claim for re-payment of the Francesconi debt. Under his first assignment, he argues that he could not be held liable under the divorce decree because the cognovit note only covered appellee's own personal debt to Francesconi. Under the second, he states that the cognovit note was unenforceable because it was fraudulent and not supported by proper consideration. Under the third, he submits that the trial court erred in not considering the merits of his contention that appellee should be estopped from maintaining any claim against him based upon the cognovit note.

{¶38} Again, since the moving party for relief from a final judgment must satisfy

12

all three prongs of the 60(B) standard before he can prevail on his motion, whether appellant had a meritorious defense is of no consequence because he did not establish a justifiable reason for setting aside the settlement agreement and the related judgment, or that his motion was timely. Thus, the merits of the first three assignments need not be reviewed because they are now moot in light of our disposition of the fourth assignment. *See* App.R. 12(A)(1)(c).

{¶39} As the first three assignments of error are moot and the fourth assignment lacks merit, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.