[Cite as *Phinizee v. Phinizee*, 2014-Ohio-1360.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


| | | |
|---|---|---|
| DOUG PHINIZEE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-L-081** |
| STEPHANIE PHINIZEE, | : | |
| Defendant-Appellee. | : | |


Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 07 DR 765.

Judgment: Reversed and remanded.


*Louis J. Carlozzi,* 1382 West Ninth Street, #215, Cleveland, OH 44113 (For Plaintiff-Appellant).

*John S. Salem,* Denman & Lerner Co., L.P.A., 8039 Broadmoor Road, #21, Mentor, OH 44060 (For Defendant-Appellee).

*John W. Shryock,* John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (Guardian ad litem).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Douglas Phinizee, appeals from the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, adopting a purported settlement agreement relating to their mutual motions to modify a prior shared parenting order. We reverse the judgment and remand the matter for further proceedings.

**{¶2}** The parties were divorced by a final judgment entered on September 15, 2008 and were granted shared parenting of their minor child. On October 15, 2012, appellant filed a motion to show cause, motion for attorney fees, and motion to terminate the shared parenting plan. On October 30, 2012, appellee filed a motion to terminate or modify the shared parenting plan.

**{¶3}** A hearing was held before the magistrate on April 17, 2013. At the hearing, counsel for the parties indicated the matter would be settled, thereby resolving all matters, by an agreed judgment entry. The magistrate's order stated the anticipated judgment must be prepared, signed, and filed on or before April 29, 2013. The magistrate's order further provided that the failure to meet this deadline may result in a dismissal of the matter. The deadline passed and no agreement was submitted. The case, however, remained active.

**{¶4}** Eventually, on May 31 and June 26, 2013, "Late Paperwork" hearings were set. No testimony was taken during these hearings. On July 2, 2013, the magistrate ordered the parties to "proffer their Judgment Entry resolving all pending matters to the court on or before July 11, 2013." The magistrate order again indicated that failure to adhere to the deadline may result in dismissal. The deadline again passed with no action.

**{¶5}** On July 30, 2013, however, appellee submitted a proposed judgment entry, which represented the parties had resolved and settled all matters as set forth in the body of the judgment. The proposed judgment was signed by appellee, her counsel, and the guardian ad litem. The document provided space for appellant's signature as well as his counsel's signature. These spaces were blank. The court nevertheless adopted the order. Appellant now appeals.

2

**{¶6}** Appellant assigns the following error:

**{¶7}** "The trial court abused its discretion when it entered a Judgment which purported to have been based on an alleged settlement agreement when no agreement ever existed."

**{¶8}** A settlement agreement is a type of contract. *Novak v. Novak*, 11th Dist. Lake Nos. 2013-L-047 and 2013-L-063, 2014-Ohio-10, ¶26. "'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'" *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶16, quoting *Perlmuter Printing Co. v. Strome, Inc..*, 436 F.Supp. 409, 414 (N.D.Ohio 1976).

**{¶9}** Appellee submitted the purported "agreed judgment" in this case to the trial court in an apparent effort to resolve the issues both she and appellant had raised via their mutual motions to terminate shared parenting. Neither the document itself nor the circumstances surrounding the court's adoption of the submission, however, indicate appellant had accepted the document's substantive proposals. There was consequently no agreed-upon resolution, i.e., the document lacked evidence of appellant's acceptance and, by implication, failed to indicate any manifestation of appellant's assent to the proposal. In short, the document was not a binding contract.

**{¶10}** Had the parties arrived at an agreement in front of the court, and the record reflected the same, the outcome of the underlying matter may have been different. "'Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then

3

the trial judge may * * * approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment.'" *Kolar v. Shapiro*, 11th Dist. Lake No. 2007-L-148, 2008-Ohio-2504, ¶23, quoting *Bolen v. Young*, 8 Ohio App.3d 36, 37 (10th Dist.1982).  Nothing in the record, however, indicates the parties settled their dispute in open court, let alone agreed to the terms of the document submitted by appellee.

{¶11} In this case, there is no record evidence the parties entered any agreement.  And, even if they did, the document submitted by appellee was legally insufficient because a written settlement is not binding unless the document is signed by the parties to the agreement. *Haley v. Raker*, 6th Dist. Lucas No. L-90-324, 1991 Ohio App. LEXIS 5261, *10 (Nov. 1, 1991), citing *Local Telephone Company v. Cranberry Mutual Telephone Company*, 102 Ohio St. 524, 530 (1921).  We therefore hold the trial court erred by adopting appellee's proposed judgment entry purporting to resolve the parties' disputed issues.

{¶12}  Appellant's assignment of error has merit.

{¶13} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

4