[Cite as *Sassya v. Morgan*, 2014-Ohio-3278.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| LEBY SASSYA, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0084** |
| CAROL LYNNE MORGAN (f.k.a. SASSYA), | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2011 DS 00293.

Judgment: Reversed and remanded.

*Deborah L. Smith,* Smith Law Firm, 109 North Diamond Street, Mercer, PA 16137 (For Plaintiff-Appellee).

*Mark I. Verkhlin,* 839 Southwestern Run, Youngstown, OH 44514 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Carol Lynne Morgan, appeals from the July 11, 2013 judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting a divorce to appellant and appellee, Leby Sassya.

{¶2} This case presents a unique set of facts and circumstances. To summarize, this action began upon the filing of a petition for dissolution with an attached separation agreement. After determining that the separation agreement and dissolution

decree were not in agreement, the trial court vacated the dissolution decree. Upon motion, the matter was later converted into a divorce action and a divorce complaint was filed. However, the trial court failed to handle this case as a contested divorce proceeding. For the reasons discussed below, we reverse and remand.

{¶3} By way of background, on December 18, 1994, Morgan and Sassya were married in Kuwait. From 1995 to 2009, five children were born as issue of the marriage. Sassya was employed at First Energy and earned a base annual salary of $60,000. Morgan was not employed and earned $0.

{¶4} On August 30, 2011, the parties filed a petition for dissolution with an attached separation agreement. The separation agreement, i.e., the contract, contained terms covering all matters relating to the dissolution of the parties' marriage, including various aspects of the division of the parties' property and debt, spousal support (both parties waived spousal support), child support (Sassya agreed to pay $1,800 per month), and the allocation of parental rights and responsibilities. In regard to the allocation of parental rights, the separation agreement stated that the parties agreed to share the rights and responsibilities of their children. Attached to the separation agreement was the Trumbull County Standard Companionship Rules.

{¶5} Following a hearing, the trial court filed a dissolution decree on October 3, 2011 granting the parties a dissolution on the grounds of incompatibility. The dissolution decree correctly set forth all the terms of the separation agreement pertaining to the parties' agreed upon property division as well as spousal and child support issues. However, the dissolution decree did not correctly set forth the parties'

2

agreement relating to the allocation of parental rights. Rather, the dissolution decree provided that Morgan shall be the custodial residential parent for all five children.

{¶6} Due to the inconsistency between the separation agreement and the dissolution decree, Sassya filed a motion on January 30, 2012 to modify the dissolution decree to conform to the separation agreement and to modify the parenting order and child support payments. In support of his motion, Sassya indicated that he has been the residential parent for the two eldest children on a continuous and uninterrupted basis. Three months later, Sassya filed an amended motion requesting that the court vacate the dissolution decree because it failed to incorporate the terms of the separation agreement regarding the parenting of the minor children.

{¶7} A hearing was held before a magistrate on May 2, 2012. Pursuant to his decision, the magistrate ordered companionship, scheduled a hearing to correct the differences between the separation agreement and dissolution decree, and appointed a guardian ad litem for the minor children. Two days later, the trial court adopted the magistrate's decision.

{¶8} However, on June 13, 2012, the trial court determined that the separation agreement and dissolution decree were not in agreement and thus, vacated the dissolution decree. The court did so without revisiting the parties' separation agreement which was part of the order of dissolution. Thus, the parties' separation agreement that they had entered into was no longer valid and was essentially found to be void by the trial court.

{¶9} No appeal was filed as a result of the trial court's judgment. Rather, on June 15, 2012, Sassya filed a motion to convert the matter into a divorce action. The

3

court granted Sassya's motion. On June 19, 2012, Sassya filed a complaint in divorce, i.e., a brand new action, to which Morgan filed an answer.

{¶10} On October 3, 2012, the magistrate issued an order, which was filed two days later, setting forth a temporary custody and companionship schedule as well as a temporary child support order. Sassya was directed to pay child support in the sum of $743 per month. Two months later, the magistrate issued another order in which the parties agreed and it was determined that the termination date of the marriage was September 12, 2011.

{¶11} On January 11, 2013, Sassya filed a motion for summary judgment on the issue of property division. In his motion, Sassya alleged that the separation agreement had resolved all of the property issues. He also asserted that following the dissolution decree, the parties had complied with all of the terms pertaining to the property issues.

{¶12} Morgan filed a response two months later. In her response, Morgan asserted that she had waived all property claims including her claims to Sassya's pension and retirement plans and for spousal support, despite an inequity in income, in exchange for his agreement to pay $1,800 per month in child support, an upward deviation from the Child Support Guidelines. She further claimed that once the dissolution decree was vacated, all issues were to be revisited, and that Sassya's motion sought an inequitable distribution.

{¶13} On April 24, 2013, the magistrate ordered that summary judgment be granted in favor of Sassya after determining all property issues were resolved. Morgan filed a motion to set aside the magistrate's order pursuant to Civ.R. 53(D)(2)(b) and a motion for stay, which were denied by the trial court on May 15, 2013.

{¶14} A final hearing was held on July 10, 2013. No transcript from that hearing was filed. The next day, the trial court filed a divorce decree granting the parties a divorce on the ground of uninterrupted separation. The court decreed that the marital property had been divided and that no issue remained concerning the division of property. The court ordered that neither party shall pay spousal support to the other. Further, pursuant to prior orders, the court named Sassya as the residential parent and legal custodian of the parties' two eldest children, and named Morgan as the residential parent and legal custodian of their three youngest children. The court indicated that the parties shall continue to comply with the court's parenting and companionship guidelines on a reciprocal basis so that all five children are together during all companionship periods. The court preserved its prior order that Sassya pay $743 per month in child support. Morgan filed a timely appeal and asserts the following assignment of error for our review:

{¶15} "The Trial Court committed reversible error when it granted Summary Judgment to Plaintiff-Appellee, Leby Sassya and determining that all property issues were resolved when the entire Decree of Dissolution was vacated instead of reopening the entire case."

{¶16} In her sole assignment of error, Morgan argues that the trial court erred in granting Sassya's motion for summary judgment. She asserts that a genuine issue of material fact exists concerning whether the property distribution was fair and equitable when, in fact, the court vacated the entire dissolution decree but did not allow issues regarding property division to be revisited.

5

**{¶17}** At the outset, we note that after the trial court vacated the dissolution decree, a brand new action was created upon the later filing of Sassya's divorce complaint. As such, a new legal burden was imposed upon the trial court and the parties. The court was to proceed under Ohio's divorce statutes and review the matter under the applicable summary judgment standard. The court had an independent obligation to review and divide the parties' martial property equally. Our review of the record, however, reveals that it did not. Thus, based on the foregoing and for the reasons discussed below, we agree with Morgan that the trial court erred.

**{¶18}** We begin by addressing the standard of review in summary judgment proceedings. We initially note that although not routinely utilized in domestic relations matters, the Supreme Court of Ohio has held that "[s]ummary judgment is not prohibited in divorce proceedings. In fact, Civ.R. 75(A) provides that the Rules of Civil Procedure 'shall apply in actions for divorce (* * *).'" *Zimmie v. Zimmie*, 11 Ohio St.3d 94, 96 (1984).

**{¶19}** "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C).

**{¶20}** "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield*

6

*Journal Co.,* 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 * * * (1996)." *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6. (Parallel citations omitted.)

**{¶21}** As stated, this case initially began on August 30, 2011 upon the parties' filing of a petition for dissolution with an attached separation agreement. However, this case later became a contested divorce proceeding upon Sassya's filing of a divorce complaint on June 19, 2012, following the trial court's vacation of the dissolution decree. For ease of discussion, we will address the dissolution and separation agreement first.

**{¶22}** Regarding dissolutions and separation agreements, R.C. 3105.63(A)(1) provides in part:

**{¶23}** "A petition for dissolution of marriage shall be signed by both spouses and shall have attached and incorporated a separation agreement agreed to by both spouses. The separation agreement shall provide for a division of all property; spousal support; if there are minor children of the marriage, the allocation of parental rights and

7

responsibilities for the care of the minor children, the designation of a residential parent and legal custodian of the minor children, child support, and parenting time rights; and, if the spouses so desire, an authorization for the court to modify the amount or terms of spousal support, or the division of property, provided in the separation agreement. * * *"

{¶24} "[A] separation agreement is a contract and is subject to the same rules of construction." *In re Netotea*, 11th Dist. Trumbull No. 2004-T-0120, 2006-Ohio-1445, ¶21, citing *Ronyak v. Ronyak*, 11th Dist. Geuaga No. 2001-G-2383, 2002-Ohio-6698, ¶10. "'"A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration."' *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D. Ohio 1976)." *Phinizee v. Phinizee*, 11th Dist. Lake No. 2013-L-081, 2014-Ohio-1360, ¶8.

{¶25} "[T]he court in a dissolution proceeding divides property according to the terms of the separation agreement when the court approves the agreement, which is a necessary predicate to the decree of dissolution the court grants." *Nardecchia v. Nardecchia*, 155 Ohio App.3d 40, 2003-Ohio-5410, ¶8 (2d Dist.2003). "'[M]utual consent to a separation agreement is a prerequisite to a valid judgment of dissolution * * *. To vacate one without vacating the other would be repugnant to the purposes of the legislation.'" *In re Valentine*, 5th Dist. Guernsey No. CA-785, 1986 Ohio App. LEXIS 5635, *6 (Feb. 5, 1986), quoting *Anderson v. Anderson*, 13 Ohio App.3d 194 (2d Dist.1984).

{¶26} Although a trial court retains jurisdiction to enforce and interpret separation agreements, it does not retain jurisdiction to modify the agreement's terms, i.e., matters pertaining to spousal support, issues involving division of property, that are incorporated in a dissolution decree. *See McClain v. McClain*, 15 Ohio St.3d 289, 290 (1984); *Parsons v. Parsons*, 4th Dist. Jackson No. 96CA791, 1997 Ohio App. LEXIS 3870, *7 (Aug. 15, 1997).

{¶27} In this case, the record reveals that the parties entered into a separation agreement**,** i.e., a contract, pursuant to R.C. 3105.63(A)(1). Under the **contract**, Morgan agreed to waive any claims to marital property, such as pension and retirement plans (specific amounts not provided), as well as agreed to waive her claim for spousal support, despite an inequity in income. It appears that in exchange for the foregoing considerations, the parties agreed that Sassya would pay $1,800 per month in child support, an upward deviation from the Child Support Guidelines. Specifically, the separation agreement states: "The above child support amount [$1,800] deviates from the Child Support Guidelines and is based on the following facts: This amount has been agreed upon by both parties as a fair and reasonable amount to allow the children to enjoy the standard of living to which they are accustomed."

{¶28} In addition, under the terms of the separation agreement, Sassya retained the marital property, 1463 Stanley Drive, Girard, Trumbull County, Ohio 44420, free from any claims from Morgan. The approximate equity in the real estate was $120,000 with a mortgage balance of about $18,500. Although specific amounts were not provided, Sassya maintained a life insurance plan, Home Depot stocks, a savings plan, and a 401k. In exchange, Morgan accepted a one-time settlement of $46,000 and

9

signed off on all but the life insurance plan. Also, three motor vehicles were divided between the parties. Sassya took two, a Ford Taurus and a Ford F-150. Morgan took one, a GMC Envoy.

**{¶29}** Upon review, it is troubling that the trial court vacated the dissolution decree without revisiting the parties' separation agreement, including the terms that they had agreed upon. As the dissolution decree was voided, so too was the separation agreement. Trial courts should not go back and re-negotiate parts of an original agreement that parties have already contracted to. Stated differently, trial courts should not piecemeal parts of a contract. By vacating the entire order in this case, the trial court violated what the parties agreed to, thereby destroying the meeting of the minds element under the contract.

**{¶30}** In any event, however, this case was converted into a contested divorce action. Thus, we now turn our focus from the dissolution and separation agreement to the divorce proceeding. As addressed below, the trial court failed to properly analyze and divide the parties' property in an equal fashion.

**{¶31}** In making a division of marital property R.C. 3105.171(F) provides that the trial court shall consider all of the following factors:

**{¶32}** "(1) The duration of the marriage;

**{¶33}** "(2) The assets and liabilities of the spouses;

**{¶34}** "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;

**{¶35}** "(4) The liquidity of the property to be distributed;

**{¶36}** "(5) The economic desirability of retaining intact an asset or an interest in an asset;

**{¶37}** "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;

**{¶38}** "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;

**{¶39}** "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

**{¶40}** "(9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension;

**{¶41}** "(10) Any other factor that the court expressly finds to be relevant and equitable."

**{¶42}** In this case, Sassya sought a reduction in child support and a modification of the parenting agreement which resulted in the vacation of the dissolution decree and the conversion of the matter into a divorce proceeding. Thereafter, the magistrate directed Sassya to pay $743 per month in child support.

**{¶43}** Sassya later filed a summary judgment motion on the issue of property division alleging that the separation agreement had resolved all property issues. However, in her response, Morgan alleged that she had waived all property claims in exchange for Sassya's prior agreement to pay $1,800 per month in child support, an upward deviation. Thus, a genuine issue of material fact exists as to whether the property distribution was fair and equitable. Nevertheless, the magistrate ordered that

11

summary judgment be granted in favor of Sassya. In response, Morgan filed a motion to set aside the magistrate's order, again asserting that she had waived all property claims in exchange for Sassya's prior agreement to pay $1,800 per month in child support, an upward deviation. Morgan stressed that that property division was not equitable under R.C. 3105.171. However, the following week, the trial court issued a judgment entry which states in its entirety: "Defendant's Motion to Set Aside Magistrate's Order of April 24, 2013 is hereby Denied."

**{¶44}** In addition, a review of the divorce decree, as addressed above, reveals that the trial court did not consider all the factors provided for in R.C. 3105.171(F). Specifically, the court failed to address R.C. 3105.171(F)(2), (3), (4), (5), (6), (7), and (9) in the divorce decree. The court failed to provide a sufficient written explanation to support the determination that it made an equitable division of property pursuant to R.C. 3105.171(C).

**{¶45}** Upon consideration, assuming that the trial court had jurisdiction to vacate the dissolution decree, after it did so, all issues should have been revisited. One issue in particular is that of custody, including support, as it appears there was no meeting of the minds. However, the trial court cannot determine spousal support and child support until after an equitable property division is completed.

**{¶46}** Based on the facts presented, the court should have allowed the matter to be fully litigated and should have provided Morgan with an opportunity to be heard as to whether the property division was fair and equitable. Clearly, the trial court did not comply with all of the R.C. 3105.171 factors and did not fashion an equal award based on the facts presented. The trial court failed in its obligation to review and divide the

12

property equally. Thus, because reasonable minds could come to differing conclusions, we determine the trial court erred in granting summary judgment in Sassya's favor. The trial court shall determine an equitable property division and then reassess, inter alia, the issues of spousal support and child support.

{¶47} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded for further proceedings consistent with this opinion. It is ordered that appellee is assessed costs herein taxed.


DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion,
CYNTHIA WESTCOTT RICE, J., concurs in judgment only.

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶48} I concur in the judgment of this court, reversing and remanding this matter for further proceedings, although I do so on different grounds.

{¶49} The opinion concludes that, since "the dissolution decree was voided, so too was the separation agreement," and also notes that vacating the order "destroy[ed] the meeting of the minds element" under the separation agreement. This does not take into account the fact that the separation agreement contains a clause allowing it to survive beyond dissolution proceedings and be presented during the subsequent divorce.

13

{¶50} Case law establishes that a separation agreement can be presented after a petition for dissolution is dismissed, under certain circumstances. In this case, the separation agreement included the following provision: "If either Husband or Wife should begin an action for Divorce, Dissolution of Marriage, or for Legal Separation * * * this Agreement shall be disclosed and presented to the court in such proceedings, with the request that if it be adjudicated to be fair, just and proper, that this Agreement and all its terms and provisions shall be adopted by this court and made a final order of this court."

{¶51} Under this same language, it has been held that a separation agreement, pursuant to its express provision, survives a motion to convert a dissolution action into a divorce. *Shepherd v. Shepherd*, 10th Dist. Franklin No. 99AP-226, 1999 Ohio App. LEXIS 6505, 8 (Dec. 28, 1999) ("the dismissal of a dissolution action does not automatically invalidate the separation agreement" when the language in the agreement suggests that it "was intended to survive a dismissal of dissolution and render the separation agreement a matter for the trial court's consideration"); *Greiner v. Greiner*, 61 Ohio App.2d 88, 97, 399 N.E.2d 571 (8th Dist.1979) (a separation agreement is generally a binding contract, but not when entered into solely for the purposes of dissolution and the dissolution is dismissed).

{¶52} While this case is somewhat different, in that the matter was not dismissed prior to the entry of a decree of dissolution, the separation agreement should not have been completely invalidated when the decree of dissolution was vacated. The decree was vacated due to inconsistencies that have no bearing on the validity of the separation agreement. It would appear that the separation agreement should still have

14

been considered by the trial court in the context of the divorce proceedings, since it was intended by the parties to be presented. The divorce proceedings, then, cannot be considered "contested" for the purpose of reconsidering the property valuation, as the separation agreement survived the vacation of the dissolution decree.

{¶53} Although the parties' separation agreement reflects the intent for the agreement to be presented to the trial court in the divorce proceedings, it does not appear that the agreement was considered by the court, since it is not mentioned in the Decree of Divorce or adopted in any way. For example, the separation agreement states that the issue of spousal support is reviewable in the future, but the Decree of Divorce states the opposite. *See Haverdick v. Haverdick*, 11th Dist. Trumbull No. 2012-T-0085, 2013-Ohio-4303, ¶ 12, fn. 1 (jurisdiction can be reserved to revisit spousal support when agreed to by the parties). It was not proper to apply only the previous determination of property value without also addressing the remainder of the separation agreement.

{¶54} For the foregoing reasons, I concur in judgment only.